(No. 4828.   July 27, 1927.)

E. T. CHAPIN COMPANY, Employer, and AETNA CASUALTY & SURETY COMPANY, Surety, Appellants, v. JOHN W. SCOTT, Respondent.

[260 Pac. 172.]

MASTER AND SERVANT—COMPENSATION CASE—QUESTION OF LAW—"INDEPENDENT CONTRACTORS"—EMPLOYERS' LIABILITY ACT—RECOVERY FOR INJURY PRECLUDED.

1. On appeal in workmen's compensation case, application of law to undisputed facts raises a question of law, and not of fact.

2. Person contracting to load lumber on cars at so much per running foot, and to furnish his own equipment and be responsible for demurrage thereon, and his partner, under C. S., sec.

5819, were "independent contractors," and not employees, precluding recovery, under the Employers' Liability Act (Laws 1917, chap. 81), to such partner for injuries received by him while loading poles.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action for compensation.    Judgment for respondent.    *Reversed.*

H. M. Morey, A. M. Waters, Graves, Kizer & Graves and Tannahill & Leeper, for Appellants.

The district court was without authority or jurisdiction to make any findings of fact whatever. (C. S., sec. 6270; *Ybaibarriaga v. Farmer,* 39 Ida. 361, 228 Pac. 227; *Johnston v. A. C. White Lumber Co.,* 37 Ida. 617, 217 Pac. 979.)

The jurisdiction of the district court in appeals of this character is limited solely to consideration of questions of law according to the facts as found by the Industrial Accident Board.    (C. S., sec. 6270; *Ybaibarriaga v. Farmer, supra; Johnston v. A. C. White Lumber Co., supra.*)

The burden is and always has been upon John W. Scott to prove that he was an employee of the Chapin Company and he has not sustained that burden.    (*Western Indemnity Co. v. Pillsbury,* 172 Cal. 807, 159 Pac. 721.)

The court cannot take into consideration the question of whether Scott was an employee of Robert Lamont; the only question in issue is whether Scott was an employee of the Chapin Company.    (C. S., sec. 6287a.)    Scott was a partner with Lamont in so far as the performance of the work

---

Publisher's Note.

1. See 16 R. C. L. 189.

2. Who are independent contractors, see notes in 65 L. R. A. 445; 17 L. R. A., N. S., 371.    See, also, 28 R. C. L. 762.

Workmen's Compensation Acts, C. J., sec. 42, p. 50, n. 63; sec. 128, p. 124, n. 52.

in question was concerned. (30 Cyc. 349; C. S., sec. 5818; *State v. Cosgrove,* 36 Ida. 278, 210 Pac. 393.)

Scott and Lamont were independent contractors in so far as the performance of the work in question was concerned. (*Daly v. Blount Lumber Co.,* 213 App. Div. 486, 210 N. Y. Supp. 814; *Beach v. Velzey,* 238 N. Y. 100, 143 N. E. 805; *Southern Const. Co. v. State Industrial Commission,* 112 Okl. 248, 240 Pac. 613; *Diamond Block Co. v. Sparks,* 209 Ky. 73, 272 S. W. 31; *Dean v. Johnson,* 214 N. Y. Supp. 448; *Wagoner v. Davis Const. Co.,* 112 Okl. 231, 240 Pac. 618; *Producers Lumber Co. v. Butler,* 87 Okl. 172, 209 Pac. 738.)

Smith & Smith and A. H. Oversmith, for Respondent.

Findings of fact are not necessary where the facts have been agreed upon or admitted by the pleadings, but the making of such findings of fact by the Industrial Accident Board or by the district court does not constitute reversible error. (*Edmundson v. Taylor,* 17 Ida. 618, 106 Pac. 991; *Fouch v. Bates,* 18 Ida. 374, 110 Pac. 265; *Basinger v. Taylor,* 36 Ida. 591, 211 Pac. 1085.)

Where the facts are admitted or are not in dispute, only a legal question arises as to how these facts should be applied. (*Ybaibarriaga v. Farmer,* 39 Ida. 361, 228 Pac. 227; *Kaylor v. Callahan Zinc Lead Co.,* 43 Ida. 477, 253 Pac. 333; *Johnston v. White Lumber Co.,* 37 Ida. 617, 217 Pac. 979; *Walker v. Hyde,* 43 Ida. 625, 253 Pac. 1104.)

The general purpose of the Idaho Workmen's Compensation Act is to withdraw all phases of disputes between the employer and the employee from private controversy, and to insure speedy and certain relief to injured workmen, and the law should be liberally interpreted and construed so as to affect its general purpose. (C. S., secs. 6214, 6334; *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068; *Fidelity & Casualty Co. v. Industrial Accident Commission,* 177 Cal. 614, 171 Pac. 429, L. R. A. 1918F, 856.)

The doctrine of an independent contractor has no application under the Idaho Compensation Act. (*Fisk v. Bonner Tie Co.*, 40 Ida. 304, 232 Pac. 569; *McDowell v. Duer*, 78 Ind. App. 440, 133 N. E. 839; *Kirkpatrick v. Industrial Accident Com.*, 31 Cal. App. 668, 161 Pac. 274.)

The words "employer," "workman" and "employee" are defined by statute. Under the Idaho statute and similar statutes courts have held that workmen are entitled to compensation under facts similar to the case at bar. (C. S., secs. 6320, 6321; *Fisk v. Bonner Tie Co., supra; O'Boyle v. Parker-Young Co.*, 95 Vt. 58, 112 Atl. 385; *McDowell v. Duer, supra.*)

Whenever an employer possesses the right of terminating the contract of employment or discharging an employee, there is a strong presumption that the person employed is not an independent contractor. (*Standard Oil Co. v. Parkinson*, 152 Fed. 681, 82 C. C. A. 29; *Arizona Hercules Copper Co. v. Crenshaw*, 21 Ariz. 15, 184 Pac. 996; *Good v. Johnson*, 38 Colo. 440, 88 Pac. 439, 8 L. R. A., N. S., 896; *Knicely v. West Virginia Midland Ry. Co.*, 64 W. Va. 278, 61 S. E. 811, 17 L. R. A., N. S., 370; *Singer Mfg. Co. v. Rahn*, 132 U. S. 518, 10 Sup. Ct. 175, 33 L. ed. 440.)

GIVENS, J.—Respondent, claiming to have been an employee of appellant E. T. Chapin Company, seeks compensation for injuries; appellants resist on the ground that respondent was an independent contractor.

[1] The application of the law to undisputed facts raises a question of law not of fact. (*Ybaibarriaga v. Farmer*, 39 Ida. 361, 228 Pac. 227.) In this case the facts were stipulated and there was no dispute though possibly different inferences could be drawn. If these inferences were correct findings of fact supported by sufficient evidence the commission's action thereon would be final, if legal conclusions, questions of law are presented for this court. The commission found in favor of appellants; the district court, on appeal, found in favor of respondent.

[2] The material facts as stipulated were as follows: E. T. Chapin Company, a corporation, one of appellants, the other being such company's surety under the Employers' Liability Act, purchased certain poles from the White Pine Lumber Company, a corporation, at Orofino, Idaho, to be delivered to Chapin Company at Orofino and by it loaded on cars, for which purpose Bob Lamont was engaged by Chapin Company at so much per running foot graduated according to different length poles. Claimant Scott became Lamont's partner in such loading operation, performing an equal share of the labor, paying half of the expenses and receiving an equal division of the profits. (C. S., sec. 5819; 30 Cyc. 349.) While loading poles his leg was severely injured. Under the agreement between Chapin Company and Lamont, Lamont was to furnish his own equipment, though in fact he used the company's but without the company's knowledge. Chapin Company sent the orders as to the particular size of poles to be loaded at any one time, bills of lading, etc., to the White Pine Lumber Company, which in turn ordered the necessary cars and notified Lamont when the cars were received and what kind of poles were to be loaded. Lamont was to be responsible for demurrage. Lamont hired the Orofino Transfer Company to assist and paid it, Chapin Company being in no way responsible therefor. All checks were made to Lamont and Scott's name did not appear in the files of Chapin Company. It was further stipulated that Chapin Company handled so-called "gypo" contracts in other places as follows: The men were placed on its own pay-rolls and were paid direct, and insurance was carried on them; such employees were also under the company's supervision and directed in their work by the company's foreman and the company reserved the right to discharge such workmen, and the work was done in accordance with the ideas and directions of such foreman the same as in this case except that here there was no supervision and no foreman. It was further stipulated that $135 compensation was paid under a misapprehension of claimant's status. With reference to the comparison between the so-

called "gypo" contracts and the present contract the stipulation further provided that the company herein "exerted no supervision whatever over the manner in which they were loaded and were interested only in getting the cars loaded as requested, except the supervision given by the White Pine Lumber Company through its manager, Mr. Kinnie, as hereinbefore set forth."

The only supervision on the part of the White Pine Lumber Company was as stated above that when so notified by Chapin Company they instructed Lamont what poles to load, gave him the bills of lading, ordered the cars and advised him of their arrival.

Respondent urges that the doctrine of an independent contractor has no application under the Workmen's Compensation Act, relying on *In re Fisk*, 40 Ida. 304, 232 Pac. 569. That case, however, recognizes that there may be independent contractors merely holding in line with C. S., sec. 6320, that the proprietor of a business is liable for an injury to an employee of an independent contractor who is engaged in work connected with the business of the proprietor, and that under C. S., sec. 6287a, both the proprietor and the independent contractor may be liable. That case does not hold that the independent contractor himself has the status of an employee of the proprietor so that he may recover compensation from his proprietor. In other words: The Fisk case deals with the rights of an employee of an independent contractor to recover from the proprietor. Herein we are discussing the rights of an independent contractor, if such the claimant be, to recover from the proprietor. The most recent expression by this court with respect to the tests for determining the difference between an employee and an independent contractor appears in *Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356, and may be classified as follows: Right of control, as to the mode of doing the work contracted for; power to discharge; and method of payment. Applying these tests to the stipulation, it is apparent there was no right of control or supervision retained or exercised as to the particular means or method

employed. The contract was for the loading of the poles of the Chapin Company and from the context of the contract it seems conclusive that this meant the poles then belonging to the Chapin Company and purchased from the White Pine Lumber Company, and being at Orofino. This was a definite and determinable amount (*Turner Trust Co. v. Gillett,* 36 Ida. 344, 210 Pac. 1001), and constituted a binding contract on both parties, and the Chapin Company had no right to discharge at its will and pleasure either Lamont or Scott. (*Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410.) The method of payment, while not controlling, was on a contract basis and though determined on a piece basis was for a completed job not by the day or any certain quantity. While, as stated in *Taylor v. Blackwell Lumber Company, supra,* no one of the tests is decisive, when taken together the conclusion is inevitable that Lamont and Scott were independent contractors and not employees. The accident board was therefore correct in its conclusion and the district court was not.

The judgment is reversed and the cause remanded, with instructions to enter judgment for the appellants. Costs awarded to appellants.

Budge, Taylor and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., dissents.

Petition for rehearing denied.