[No. 27883. Department One. February 27, 1940.]

E. BLANCHE APENESE, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Henderson & McBee*, for appellant.

*The Attorney General* and *T. H. Little, Assistant*, for respondent.

ROBINSON, J.—Gunnar F. Apenese was killed in an automobile accident in July, 1936. His widow, E. Blanche Apenese, the appellant here, filed a claim for a pension with the department of labor and industries. The claim was rejected by the supervisor of industrial insurance. A rehearing was granted by the joint board. Evidence was taken, and the action of the supervisor was sustained. An appeal was taken to the superior court of Skagit county, which, after reviewing the matter, approved the action of the departmental authorities, and ordered the cause dismissed. The matter is here for review.

[1]Reported in 99 P. (2d) 629.

There is no dispute of fact. The following summary of the evidence follows very closely the summary given in the appellant's brief.

The Morrison Mill Company had a plant at Anacortes, and another at Bellingham. The Anacortes plant was largely devoted to the manufacture of box shooks. In 1935, the demand fell off, and the plant began to manufacture a considerable amount of lumber.

In July, 1935, Mr. Apenese came to the plant and suggested that he would like to make an arrangement to sell lumber on a commission. An oral arrangement was thereupon entered into. It was supposed that the sales made by Mr. Apenese would be largely retail, and the commission was temporarily fixed at seven per cent. However, his sales proved to be largely wholesale, and the percentage was reduced, by agreement of the parties. His commissions averaged about two hundred dollars per month. We quote from the appellant's brief:

"It was understood at the time Mr. Apenese made his connection with the company that there were certain established customers of the company who he was not to solicit for business. Mr. Apenese had no authority to fix the prices for the lumber, and the company had the right to reject any orders submitted by Mr. Apenese where the credit of the purchaser was doubtful. Also, if Apenese brought in orders for lumber that had to be cut specially, the company reserved the right to reject the same. Suggestions were given by Mr. Morrison to Mr. Apenese as to prospective customers. . . . "

Mr. Apenese had no specific working hours. It was contemplated that he would devote his whole time to the business, but he was under no obligation to do so. He was not limited as to territory. He used his own car, paid for his own gasoline, and all other expenses. The mill did not furnish him with such things as order

blanks, or bills, or cards, or advertising material, or anything else. On one or two occasions, a mill stenographer wrote a letter for him, but only at his request and as a personal accommodation. His name was not placed on any payroll, and he was assigned no duties to perform on the premises or away from the premises. On one occasion he, voluntarily and on his own initiative, assisted in loading a truck so that a bill of lumber which he had sold might reach his customer promptly. On another, he was present when a truck was being loaded with lumber to fill one of his customers' orders, and threw out a few pieces which he thought not up to grade. This, too, was an isolated instance, and his action was wholly voluntary, since he had no duty to inspect, nor even the right to do so.

No time was fixed for the duration of the agreement, and either party could have terminated it at any time. He was not restricted as to time, place, or method, and was paid only in proportion to the results produced. He took orders where and when he could secure them, and personally delivered them at the mill or telephoned or mailed them in. He was killed while en route to the mill to deliver an order for lumber which he had taken at Bellingham that day.

It is so clearly apparent, on the above state of facts, that Mr. Apenese was an independent contractor, that it is unnecessary to consider any other question in the case. In the interests of brevity, we will omit a discussion of that question, since to engage in it would be but to repeat and apply principles repeatedly stated and applied in our former decisions, such as: *Nettleship v. Shipman,* 161 Wash. 292, 296 Pac. 1056; our recent opinion in *Hubbard v. Department of Labor & Industries,* 198 Wash. 354, 88 P. (2d) 423; our still more recent opinion in *Washington Recorder Pub. Co. v. Ernst,* 199 Wash. 176, 91 P. (2d) 718; and our very

recent opinion in *White v. J. R. Watkins Products Co.*, 1 Wn. (2d) 466, 96 P. (2d) 456, and many others.

The judgment appealed from is affirmed.

BLAKE, C. J., MAIN, MILLARD, and SIMPSON, JJ., concur.