214 P.2d 884

LAUB v. MEYER, Inc., et al.

No. 7593.

Supreme Court of Idaho.

Feb. 14, 1950.

J. L. Eberle, T. H. Eberle, B. S. Varian and Dale O. Morgan, Boise, for appellant Meyer, Inc.

Glenn A. Coughlan, Boise, for appellants Montgomery Ward & Co. and State Insurance Fund.

226

Walter M. Oros, Boise, E. B. Smith, Boise, for respondent.

GIVENS, Justice.

The office manager of the catalog order office of Montgomery Ward & Company in Burley, called for, on maintenance painting specifications, local bids and received a responsive painting proposal from respondent, which bid was rejected and a bid of appellant Meyer, Incorporated, or Meyer & Company, sometimes known as Meyer & Turner, painting contractors of Chicago, was accepted.

Thereafter, Meyer, Incorporated, contacted respondent by letter and telephone and engaged him to do the work on the basis of $2.15 per hour for his time, his labor costs, overhead, and such profit as respondent believed he would be entitled to; Meyer, Incorporated, to carry public liability and property damage insurance; all other insurance, specifically the withholding tax and Unemployment Compensation, to be taken care of by respondent. Respond-

ent was to furnish his own tools and appliances and the paint was to be furnished by Meyer, Incorporated.

Pursuant to such understanding, respondent commenced the work and while engaged therein, fell and broke his leg. Upon proceedings before the Industrial Accident Board, respondent secured an award for workmen's compensation against Meyer, Incorporated, and Montgomery Ward & Company, on the theory he was their employee.

The appeal presents the contentions made before the Board and here that respondent was an independent contractor of Meyer, Incorporated, and no contractural agreement existed between him and appellant Montgomery Ward & Company—the latter proposition indubitably correct. Moon v. Ervin, 64 Idaho 464, 133 P.2d 933; Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831.

The general rule for determining whether one is a general contractor or employee was well stated by this court in Pinson v. Minidoka Highway District, 61 Idaho 731 at page 737, 106 P.2d 1020, 1022: "The general test is the *right* to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue, that gives rise to the relationship of employer and employee, and where the employee comes under the direction and control of the person to whom his services have been furnished, the latter becomes his temporary employer, and liable for compensation."

Many other authorities cited both by appellants and respondent reiterate this holding, but further citing of cases would be mere repetition without any further helpful elucidation.

Respondent contends appellants had such right of control, because the manager of Montgomery Ward & Company for Meyer, Incorporated—

"(a) She told him where to commence his work.

"(b) She told him his succeeding work.

"(c) She told him the hours that he should work.

"(d) She instructed him to perform additional work and varnishing.

"(e) She told him not to start working until after the roof was repaired, * * *."

Not one of these directions had any connection whatever with the details of respondent's work. The directions as to the details of doing the work were far more minute and detailed in the following case, but were held to fall short of establishing the Company therein had the right to exercise control over the work done by the injured party; Gragg v. Cook Cedar Company, 64 Idaho 50 at page 54, 127 P.2d 757.

The only limitation on the hours of work for respondent in the case at bar was when the place was open for business, which, of

course, was no detailed instruction regarding the work at all. (c) is a misconstruction because Mrs. Anderson, the local manager, did not tell him what hours he should work, except while the establishment was open. Furthermore, after he broke his leg, respondent secured the individual who completed the work, and neither Meyer, Incorporated, nor Montgomery Ward & Company had anything to do with the selection of this person.

Compensation was on a cost-plus basis and it was clearly stated he, respondent, was to carry all insurance except public liability and property damage.

■■■■ The contract was for the completion of the full job of painting and absent failure to properly perform, there was no right to terminate the employment. Adding additional work was not giving directions as to the details. This court has aptly analyzed the controlling factors which are applicable and decisive herein:

" ' "An independent contractor is one, who in rendering service, exercises an independent employment or occupation, and represents his employer only as to the results of his work, and not as to the means whereby it is to be accomplished." '

" ' " * * * The fact that the work is to be done under the supervision of an architect, or that the employer has the right to make alterations, deviations, additions, and omissions from the contract, does not change the relation from that of an independent contractor to that of a mere servant." '

" ' " * * * a reservation by the employer of the right to supervise the work, for the purpose of merely determining whether it is being done in accordance with the contract, does not affect the independence of the relation.

" ' " * * * *The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer does not of itself render the person* contracted with to do the work a servant." ' " (Emphasis ours.) In re General Electric Co., 66 Idaho 91 at page 97, 156 P.2d 190, 193.

And the conclusion therein is controlling herein.

"To hold the contract established the relationship of master and servant, it would, at least, be necessary to strike from it all the above-stated material terms and conditions, and the effect of that would be to deny freedom of contract." In re General Electric Co., supra.

As we ordered therein, the Order of the Board here is reversed and the cause remanded with directions to dismiss the proceedings. Costs awarded to appellants.

HOLDEN, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.