216 P.2d 952

**OHM v. J. R. SIMPLOT CO. et al.**

No. 7619.

Supreme Court of Idaho.

April 7, 1950.

Thos. Y. Gwilliam, Nampa for appellant.

E. B. Smith, Boise, for respondents.

PORTER, Justice.

Appellant is a farmer. He does commercial hauling as a side line. His truck bears a commercial license. In August, 1948, respondent, J. R. Simplot Dehydrating Company, hereinafter referred to as the company, engaged appellant to haul potatoes from railroad cars in Mountain Home to the air base strip near that city. There were fifteen or twenty other truckers also engaged in hauling such potatoes.

The potatoes were to be hauled from the railroad cars as such cars arrived in Mountain Home. The potatoes were in sacks. They were to be dumped on the ground at the air base strip and the sacks returned to the freight cars. The company had a "boss at the cars" who pointed out the cars to be unloaded. There was, apparently, an employee of the company at the air base strip who sometimes told the truckers to move up their trucks when the pile of dumped potatoes was becoming too high, and instructed them not to cut any of the sacks. During the work the company also advised the truckers to take better care of the empty sacks as they were being lost.

It was agreed that appellant should receive four cents per sack for hauling the potatoes; and that he should receive an additional one cent per sack if he continued to work until the entire job of hauling potatoes was completed. Appellant was to furnish his own truck and bear the expenses thereof. He hired his son and a Mr. Matson to assist him in the hauling, and paid each man $4.00 per car. There were no hours fixed as to when appellant should begin or quit his work but seven o'clock A.M. was the earliest he could get on the air base and it was generaly closed at five o'clock P.M.

Appellant was paid by drafts from time to time to which were attached statements on each of which appeared, substantially, the words "contract unloading & hauling potatoes at four cents per sack with one cent bonus if job is completed." The drafts covered the amount due appellant without deduction of withholding tax, old age benefits or unemployment compensation contributions. Neither appellant nor his helpers were carried on the company's payroll.

On September 11, 1948, appellant was accidentally thrown from his truck while sitting on some empty sacks on the bed of his truck. He received a personal injury consisting of fractures in two places of the bones of his right leg below the knee. He was not, thereafter, able to work in hauling potatoes. His son and assistant continued to haul potatoes until the entire job was completed. Appellant was paid for such completed work, receiving the bonus of one cent per sack for all potatoes hauled.

Appellant filed a claim for his injury with the Industrial Accident Board under the Workmen's Compensation Law, I.C. § 72-101 et seq. After a hearing on such claim, the board held that appellant was an independent contractor and entered its order denying compensation to appellant. From such order appellant has duly appealed to this court.

By his specifications of error, appellant urges in effect that the board erred in finding that the relationship between the company and claimant was that of contracting principal on the company's part, and independent contractor on claimant's part; and that the board erred in not finding that the relationship was that of employer and employee and that appellant was entitled to compensation.

The authorities have suggested various tests for determining whether a contract results in the relationship of employer and employee, or in the relationship of principal and independent contractor. None of the suggested tests, standing alone, appears to be wholly decisive. In E. T. Chapin Co. v. Scott, 44 Idaho 566, at page 571, 260 P. 172, 173, the court listed the most important tests as follows: "Right of control as to the mode of doing the work contracted for; power to discharge; and method of payment." The chief consideration in determining whether one is an independent contractor appears to be whether the employer has the right of control as to the mode of doing the work contracted for. Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356.

In Pinson v. Minidoka Highway District, 61 Idaho 731, at page 737, 106 P.2d 1020, 1022, this court said: "The general test is the *right* to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue, that gives rise to the relationship of employer and employee, and where the employee comes under the direction and control of the person to whom his services have been furnished, the latter becomes his temporary employer, and liable for compensation."

This general test was approved and followed in the recent case of Laub v. Meyer, Inc., Idaho, 214 P.2d 884.

An independent contractor represents his employer only as to the results of his work and not as to the means where-

by it is to be acomplished. The fact that the work is to be done under the direction and to the satisfaction of representatives of the employer, does not, of itself, change the relationship to that of master and servant. Laub v. Meyer, Inc., supra; In re General Electric Co., 66 Idaho 91, 156 P.2d 190; Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; In re Pacific Nat. Life Assur. Co., Idaho, 212 P.2d 397.

A scrutiny of the facts in this case discloses that some of such facts tend to show the relationship of employer and employee; while other and substantial facts tend to show the relationship of contracting principal and independent contractor under the recognized tests as to such relationships.

The fact that the company had a "boss" at the cars who designated the cars to be unloaded and who ordered all scattered potatoes to be picked up from the ground; the directions given by the employee of the company at the dumping ground as to the movement of the trucks; the directions as to the care of the empty sacks; the undetermined number of sacks of potatoes to be hauled; and the fact that payment was to be based upon so much per sack instead of being a fixed price for the completed job; all would tend to indicate an employer and employee relationship. On the other hand, the fact that appellant provided his own truck and engaged and paid his helpers; the fact that the company did not direct the details of the hauling and dumping; the fact that appellant could not quit without suffering a loss of one cent per sack and the company could not arbitrarily terminate the employment and deprive appellant of his bonus; and the facts showing how the company and appellant treated the relationship; all are indicia that appellant was an independent contractor.

The facts in this case are in conflict as to the actual relationship existing. It was the duty of the Industrial Accident Board to determine the ultimate fact as to whether appellant was an employee or an independent contractor. Taylor v. Blackwell Lumber Co., supra. The board determined this fact adverse to appellant; and there being substantial evidence to sustain this finding of the board, the same will not be disturbed by this court. In Gragg v. Cook Cedar Co., 64 Idaho 50, at page 55, 127 P.2d 757, this court quoted with approval from Knight v. Younkin, 61 Idaho 612, 105 P.2d 456, 459, as follows: "In workmen's compensation cases, where the facts presented by the testimony of witnesses, stipulation or otherwise, are conflicting, and where facts appear in the record which, if uncontradicted, would be sufficient to support the order appealed from, it will not be reversed on appeal. Golay v. Stoddard, 60 Idaho 168, 89 P.2d 1002; Potter v. Realty Trust Co., 60 Idaho 281, 90 P.2d 699; Rand v. Lafferty Transportation Co., 60 Idaho 507, 92 P.2d 786; Brink v. H. Earl Clack Co., 60 Idaho 730, 96 P.2d 500; Totton v. Long Lake Lumber Co., 61 Idaho 74, 97 P.2d 596."

The order of the Industrial Accident Board denying compensation to appellant is affirmed. Costs awarded to respondents.

HOLDEN, C. J., and GIVENS and TAYLOR, JJ., concur.

KEETON, Justice (dissenting).

The pertinent facts in this case are undisputed and the ultimate conclusion to be drawn from the facts is a question of law.

The fact that the claimant was not required to haul any specified quantity of potatoes within any specified time or complete any particular amount of work negatives the idea that he was an independent contractor, and together with other undisputed testimony proves that the employer had an arrangement for services only. Further, the company maintained a supervision of the work, and the fact that the claimant was to be paid by the piece in proportion to the quantity of work performed does not make him an independent contractor.

The further fact that the claimant employed other persons to assist in the work is not controlling.

The price of four cents per sack was simply a standard for measuring the services performed.

Where a workman's wages and earnings are measured on a basis of piece work and where there is no specified quantity of work to be done, the relationship is that of master and servant, and the employee is within the provisions of the Workmen's Compensation Act.

For authorities sustaining this view, see: 58 Am.Jur., 675, para. 141; McKinstry v. Guy Coal Co., 116 Kan. 192, 225 P. 743, 38 A.L.R. 837; New York Indemnity Co. v. Industrial Accident Commission, 80 Cal. App. 713, 252 P. 775; Shay v. Hill, 133 Kan. 157, 299 P. 263, Syl. 2; Vol. 1, Honnold on Workmen's Compensation, page 208, para. 66.

Much work is performed in logging, mining and other lines of industry in which the standard of payment is determined by the piece or quantity of work performed. Such piece work employment creates a relationship of master and servant and not independent contractor.

The case of Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356, is not in conflict with this view and is not an authority for denying compensation here.

Under the undisputed facts, I am of the opinion that the claimant is entitled to recovery, and the disallowance of his claim should be reversed.