230 P.2d 995

**WILCOX v. SWING et al.**

No. 7669.

Supreme Court of Idaho.

May 2, 1951.

302

Ben Peterson, Pocatello, T. Quentin Cannon, Salt Lake City, Utah, for appellant.

E. B. Smith, Boise, for respondents.

PORTER, Justice.

On an undisclosed date prior to August 2, 1948, respondent, D. T. Swing, and George A. Wilcox, deceased, entered into a contract of employment reading as follows:

"Contract of Employment

"G. A. Wilcox agrees:

"To rent Compressor, Stoper, Steel, Hose and Water Tank, and haul equipment to property from present point of origin.

"Run drift 75 feet, (or less if pay ore in shipping quantities is contacted.

"All tools and equipment received off the property to be returned to point of origin at completion of contract at option of D. T. Swing.

"If G. A. Wilcox abandons work on property before contact is completed by extending the tunnel the full 75 feet or until pay ore is contacted then said G. A. Wilcox shall forfeit any claim to any future profits of said mine which shall have been made after such abandonment.

"To furnish all labor for 75 feet,

"D. T. Swing agrees:

"To pay G. A. Wilcox $800.00

"To furnish all gasoline and bits for drilling.

"To furnish all powder, caps and fuse. This to be received at the Lake.

"G. A. Wilcox to receive after contact is made, not less than 15% of the net profits of operation of the property.

"It is agreed and understood that Mr. G. A. Wilcox, is, at his option and with the concurrence of D. T. Swing to manage the mining and development of said property when contact is made, at a salary to be agreed upon by himself and D. T. Swing.

"D. T. Swing<br>"G. A. Wilcox"

On August 2, 1948, pursuant to such contract, deceased Wilcox commenced work extending a tunnel in the Alturas Mine in Blaine County. About one hour after he began work, deceased was accidentally and fatally injured by carbon monoxide poisoning.

Thereafter, the claimant, Ethel Dunn Wilcox, widow of deceased, duly filed her claim for Workmen's Compensation with the Industrial Accident Board. An answer was filed by respondents and the matter was set for hearing. At the hearing no evidence was introduced. The parties stipulated the facts. They further stipulated that the only issue before the Industrial Accident Board for decision was whether deceased Wilcox, at the time of his death, was an employee of D. T. Swing within the contemplation of the Idaho Workmen's Compensation Act. I.C. § 72–101 et seq. The Industrial Accident Board

found that the relationship between respondent Swing and deceased Wilcox was that of contracting principal and independent contractor, and not that of employer and employee. The board issued an order denying compensation. From such order appellant has duly appealed to this court.

In the recent cases of Laub v. Meyer, Inc., 70 Idaho 224, 214 P.2d 884; Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952; and Nixon v. Webber-Riley Lumber Co., 71 Idaho ——, 229 P.2d 997, this court discussed the various tests for determining whether a contract creates the relationship of employer and employee or principal and independent contractor. We recognized that the general test as to whether a party to a contract is an employee or independent contractor is whether the other party has the right to control and direct the details of the work to be performed and to say whether the work shall stop or continue. In such cases we also recognized a number of factors which are to be considered in determining whether there exists such right to control the details of the work and to say when such work shall cease.

An examination of the contract in this case discloses that deceased undertook to do a definite amount of work, that is, to run the tunnel until pay ore was struck, or to a distance of 75 feet. That his pay was to be $800.00 for the completed job together with additional emoluments if pay

ore were struck. That deceased was to hire and pay his own employees. That deceased was to furnish his own tools by renting the same from respondent Swing. That deceased could not be discharged without penalty and that if he abandoned the work he would suffer a forfeiture. That deceased could govern his own hours of work, and that respondent Swing was interested only in the result of the work and not as to the means whereby it was to be accomplished. All the foregoing plainly indicate that respondent Swing had no power to control the details of the operation and to say whether the work should stop or go forward. The contract in question, viewed in the light of the recognized tests, shows that the relationship between the parties was that of contracting principal and independent contractor.

However, appellant urges that the true relationship between the parties is to be determined not only from the contract, but from the conduct of the parties in relation thereto. In this connection she points out that respondent Swing purchased a Surety Bond from respondent, Idaho Compensation Company, under date of June 3, 1948, covering the entire liability of Swing to his employees and dependents of deceased employees under the Workmen's Compensation Law of the State of Idaho. Appellant also calls attention to the Notice of Injury and Claim for Compensation filed by respondent Swing with the Industrial Accident Board wherein under the heading of "Report of Employer", the deceased Wilcox is named as an employee. Both the Surety Bond and the Notice of Injury and Claim for Compensation are part of the transcript in this case.

■ It appears to be recognized that in cases of this character not only the express terms of the contract, but the circumstances under which the contract was made and the conduct of the parties in connection with same, may be considered in determining the actual relationship between the parties. In Larson v. Independent School Dist. No. 11J., 53 Idaho 49, 22 P.2d 299, 302, this court was considering the question of whether the deceased was, in fact, actually in the employ of the school district. The contract for janitor services was between the school district and M. E. Larson, husband of the deceased. In reporting the accident, the school district reported Mrs. Larson as an employee. The court quoted with approval from Carlson v. Industrial Accident Comm., 213 Cal. 287, 2 P.2d 151, as follows: " 'Accordingly, it has been held that, in an action of this character, while, prima facie, the relation of the parties to a written contract of employment is that which is expressed by the terms of their writing, nevertheless, in order to determine their true relation, such contract should be considered in view, not only of the circumstances under which it was made, but of the conduct of the parties while the work is being performed' ".

In Hansen v. Rainbow Min. & Milling Co., 52 Idaho 543, 17 P.2d 335, it was held that the issue of whether compensation claimant is employee or independent contractor is determinable not alone from the written contract, but from all the facts and circumstances established by the evidence.

In Sater v. Home Lumber & Coal Co., 63 Idaho 776, 126 P.2d 810, this court held that the employer's report of the accident, being part of the record although not formally offered in evidence should be considered. See also, Walters v. City of Weiser, 66 Idaho 615, 164 P.2d 593; and Teater v. Dairymen's Cooperative Creamery, 68 Idaho 152, 190 P.2d 687.

In Gragg v. Cook Cedar Co., 64 Idaho 50, 127 P.2d 757, the defendant, Cook Cedar Co., carried insurance on the deceased Gragg, and paid premiums based upon the amount of remuneration paid from time to time to the deceased. It also, in a prior accident claim by deceased, had reported him as an employee. However, this court held, in effect, that such facts, taken in connection with the other evidence, were not sufficient to justify the reversal of the finding of the Industrial Accident Board that deceased was an independent contractor.

The Surety Bond given in this case does not list deceased Wilcox, nor anyone, as an employee. The record is silent as to whether the respondent Swing had any persons in his employ other than deceased, although the contract itself appears to contemplate future employment of Wilcox and others as employees.

The Report of Employer is on the printed form of the Industrial Accident Board and there is printed thereon the words, "The person first above named was, on the date shown herein, an employee of the undersigned." This report was made in pursuance of Section 72-1001, I.C., which requires an employer to make a report within 48 hours after the occurrence of an injury to an employee, and subjects him to a fine of not more than $500.00 if he refuses or neglects so to do.

The Surety Bond and the Report of Employer tend to indicate that the deceased Wilcox was an employee. However, they are matters to be considered in connection with the written contract and other facts of the case. They are not sufficient in this case to warrant this court in reversing the finding of the Industrial Accident Board that the true relation between the parties was that of principal and independent contractor. As was done in Gragg v. Cook Cedar Co., supra, where similar features were present, we must uphold the finding of the board. The order of the board denying compensation to claimant under the Workmen's Compensation Law, is affirmed. Costs awarded to respondents.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.