294 P.2d 593

Lester E. EYTCHISON, Claimant-Respondent,

v.

EMPLOYMENT SECURITY AGENCY, State of Idaho, Defendant-Appellant.

No. 8223.

Supreme Court of Idaho.

March 5, 1956.

. Graydon W. Smith, Atty. Gen., John W. Gunn, Asst. Atty. Gen., for appellant.

Carl P. Burke, Elam & Burke, Boise, for respondent.

450

SMITH, Justice.

Appellant Employment Security Agency herein is designated as appellant or as the Agency, respondent Lester E. Eytchison as claimant, and Eytchison Lumber Co. as the corporation.

Claimant during December, 1953, made application under the Employment Security Law, I.C. § 72–1301 et seq., for benefits, with respect to his unemployment, with effective date of December 13, 1953. Claimant based his claim for benefits on his employment, June 1, 1953 to December 12, 1953, by the corporation, during which time he performed services for, and received wages paid by, the corporation as its logging superintendent.

January 27, 1954, the Agency determined claimant to be ineligible for benefits with respect to his alleged unemployment status because of his being an officer of the corporation, his base employer. Claimant thereupon appealed to the Industrial Accident Board. The Board on review reversed such adverse determination, ruled that claimant is eligible for benefits effective December 13, 1953, and entered its order accordingly. The Agency perfected this appeal therefrom.

Appellant's specifications of error present two questions, first, whether claimant was actually unemployed inasmuch as he was an officer of the corporation, and second, whether he was available for work.

Appellant contends that claimant's ineligibility for unemployment benefits stems from the fact that claimant was the working executive head, i. e., the president of the corporation with year-round duties and responsibilities which made detachment from corporate employment impossible, except by resignation; that under such circumstances claimant, during a seasonal shutdown, cannot be considered involuntarily unemployed so as to qualify him for unemployment benefits even though available for temporary employment which would not interfere with resumption of the corporate employment.

During the times referred to in this proceeding, the corporation, of which claimant was shown to be a stockholder, engaged in the business of contract logging. It owned its own equipment, contracted logging on an independent contractor basis, hired

workmen, paid the tax imposed by the Employment Security Law on wages paid its workmen, including the wages paid to claimant, and in all respects was a hiring unit.

Claimant during said times, was president of the corporation, but did not receive any remuneration as such officer. The corporation employed claimant as its logging superintendent and paid him wages during the times that he performed services in that capacity.

The corporation operated seasonally, usually during the period commencing in April or by the first of May, and ending in December, or by the first of January; then it would shut down the logging operations during the balance of the winter and early spring.

Claimant's duties as the corporation's president did not interfere with his work obtained with and performed for other employers. During the 1953 summer logging season he performed work for other logging and milling employers for a period aggregating some seven weeks. After each such instances of employment, he resumed employment with the corporation as its logging superintendent.

After the corporation shut down its logging operations at the close of the 1953 logging season, claimant sought work but was unsuccessful. He then applied for the unemployment security benefits. He then sought work with several different employers, as he testified, "Any kind of work I could get, mostly, as a 'cat skinner' or something on that line,—skilled labor. I do most any kind of skilled labor in the heavy equipment line." He obtained work with an employer, Monday, March 29, 1954, and was so employed at the time of the Board hearing herein, April 1, 1954.

I.C., sec. 72–1316, subd. (a) provides that "covered employment" includes services performed by an individual for wages, or under any contract of hire, written or oral, express or implied (with certain exceptions not applicable to claimant's situation). Subdivision (b) thereof provides: "Notwithstanding any of the other provisions of this section, services shall be deemed to be in covered employment if with respect to such services a tax is required to be paid under section 1600 of the Federal Internal Revenue Code, as amended." And subdivision (d) thereof provides: "Services performed by an individual only as an employee shall be covered employment, but there shall not be included in said covered employment, nor shall such term employee include, (1) any individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an independent contractor or (2) any individual (except an officer of a corporation) who is not an employee under such common-law rules."

An examination of the Employment Security Law fails to show any provision which would exclude claimant from the

status of a covered employee merely on account of his being an officer of the corporation. On the contrary, the record herein shows that claimant comes within the purview of the aforesaid provisions of I.C. sec. 72-1316. He performed services for his employer, the corporation, as its logging superintendent under a contract of hire and pursuant thereto the corporation paid him wages for those services. The corporation caused the tax to be paid on claimant's wages as earned in covered employment. The Agency urges no common-law rule intended to negative an employer-employee relationship between the corporation and claimant. The Employment Security Law recognizes that an officer of a corporation may perform covered services for the corporation.

The Agency next contends that claimant was not available for work within the intent of the Employment Security Law, inasmuch as he was available only during the shutdown period of the corporation's logging operations.

An examination of the Employment Security Law will show that claimant is entitled to unemployment benefits unless he was unavailable for work during the times he claims the benefits.

I.C., sec. 72-1366 has to do with personal eligibility conditions of a benefit claimant under the Employment Security Law. That section of the statute provides in part as follows:

"The personal eligibility conditions of a benefit claimant are that * * *

"(e) During the whole of any week with respect to which he claims benefits or credit to his waiting period he was able to work, available for suitable work, and seeking work; * *

"(h) His unemployment is not due to his failure without good cause to apply for available suitable work as directed by a representative of the director or to accept suitable work when offered to him or to return to his customary self-employment; * * *."

Claim of Sapp, 75 Idaho 65, 266 P.2d 1027, 1029, sets out the test of availability for work as follows:

"An examination of the cases from many jurisdictions justifies the conclusion that no hard and fast rule as to what constitutes availability for work should be or perhaps could be adopted; it must depend, at least in part, upon the particular facts and circumstances as developed in each case; as a general proposition, the availability requirements of the statute are met in instances where the worker is able, ready and willing to accept and is seeking suitable work at a point where an available labor market exists." (citations.)

In the present case claimant registered with the employment office. He desired any kind of work, although expressed preference for work of a skilled or semi-

skilled nature with heavy equipment for which he was fitted, i. e., suitable work. He made application to employers, including lumber corporations, logging contractors, and a molding manufacturer. The fact that claimant was an officer of the corporation does not establish an inconsistency with such availability "during the whole of any week," nor indicate a prohibition against his acceptance of suitable available work. The record without dispute establishes that claimant was ready, able and willing to work, available for suitable work, and that he sought employment.

"* * * it clearly is the intent of the Act to provide benefits for those who are unemployed due to no fault of their own and who are willing, able and ready to work, and who are seeking work, * * *." In re Sapp, supra. "Availability for work requires no more than availability for suitable work which the claimant has no good cause for refusing." Hagadone v. Kirkpatrick, 66 Idaho 55, 59, 154 P.2d 181, 182.

Claim of Sapp, supra, also recognizes the proposition that a seasonal aspect of availability for labor will not render one ineligible to receive unemployment benefits; for in such case, this Court ruled: "In the instant case, the history of the work record of claimant reveals that the work he has fitted himself for and for which he is generally engaged in doing is somewhat seasonal but this without more would not make him ineligible for receiving benefit payments when he is unemployed through no fault of his own."

The order of the Industrial Accident Board is affirmed.

Costs to claimant-respondent.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.