380 P.2d 506

**LINK'S SCHOOL OF BUSINESS, INC.,**
Plaintiff-Appellant,

v.

**EMPLOYMENT SECURITY AGENCY, State**
of Idaho, Defendant-Respondent.

In re Liability of Link's School of Business, Inc., for the payment of Contributions under the Employment Security Law.

No. 9205.

Supreme Court of Idaho.

March 25, 1963.

Rehearing Denied April 22, 1963.

Givens, O'Leary, Doane & Givens, Boise, for appellant.

SMITH, Justice.

Respondent, Idaho Employment Security Agency, is herein sometimes designated as the Agency, and the Industrial Accident Board as the Board.

This is an appeal from a decision of the Board affirming a decision of the Agency's appeals examiner, determining that appellant's salesmen are its employees, and not independent contractors, thus requiring contributions, based on their commissions, to be paid into the unemployment security fund.

Appellant conducts a school of business in Boise, Idaho. In the operation of its business, it engages salesmen who contact prospective students for enrollment in courses of study in the school. According to the oral agreement between appellant and its salesmen, appellant acquaints the salesmen with functions and policies of the school. Appellant pays its salesmen on a

commission basis for each student enrolled. The amount of the commission is determined by the course of study in which the student enrolls. Prospective students are contacted by the salesmen through their own independent efforts, as well as through leads furnished them by appellant. The salesmen are not assigned to specific geographical territories; but duplication of efforts and competition between salesmen are avoided by appellant's assignment of leads in a certain area to but one salesman.

The salesmen furnish their own automobiles, pay their own expenses, work whatever hours they choose and generally, in whatever territory they find advantageous. They are not required to accept leads furnished them by appellant, the choice being that of the individual, nor are they required to report to appellant at any definite or fixed time.

Salesmen are allowed advances from appellant to defray expenses while "on the road," which advances are charged against subsequent commissions earned. If a salesman desires, he may obtain insurance for medical and kindred coverage and make payment of the required premiums therefor, through appellant; in such a case appellant charges the amount of the premium paid against the salesman's earned commissions. Appellant makes no deductions from a salesman's earned commissions for income tax or "social security" excise tax. Either party can terminate the relationship at any time without incurring liability to the other party.

The Board's order affirming the appeals examiner's decision that appellant is liable for employment security excise tax with respect to commissions paid the salesmen, is predicated upon the following purported indicia characteristic of an employer-employee relationship: (1) There was no formal contract, written or oral, providing for a fixed or determinable quantum of services to be rendered by a salesman to appellant; (2) Appellant's right to discharge a salesman without reason and without liability; (3) A salesman's eligibility for group medical insurance through appellant, and (4) Advances made by appellant to its salesmen were to be repaid only out of commissions earned.

Appellant contends that "the Board erred as a matter of law in determining the relationship existent between appellant and its salesmen is that of employer-employee," asserting that the evidence is insufficient to sustain that relationship, but sufficient to sustain the relationship of principal and independent contractor.

The question whether a relationship is one of employer-employee or of principal-independent contractor is one which must be determined from all the facts and circumstances of the individual case. Merrill v. Duffy Reed Construction Co., 82 Idaho

410, 353 P.2d 657; National Trailer Convoy, Inc., v. Employment Sec. Agency of Idaho, 83 Idaho 247, 360 P.2d 994.

■ For purposes of the Employment Security Law, covered employment shall not include any individual who, under the common-law rules applicable in determining the employer-employee relationship, has the status of an independent contractor. See I.C. § 72–1316 (d); National Trailer Convoy, Inc., v. Employment Sec. Agency of Idaho, supra. No one test standing alone, except the right of control in the relationship of employer and employee, and the lack of such right in that of principal and independent contractor, is wholly decisive. Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657; Moore v. Idaho Employment Security Agency, 84 Idaho 1, 367 P.2d 291.

■ If one engages another to perform services, retaining control of the conduct of the person thus engaged, as to the order, method, plan, and details of the work, the relationship is that of master and servant, and not of principal and independent contractor. Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356; E. T. Chapin Co. v. Scott, 44 Idaho 566, 260 P. 172; Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; Pinson v. Minidoka Highway District, 61 Idaho 731, 106 P.2d 1020; Merrill v. Duffy Reed Construction Co., supra;

pra; National Trailer Convoy, Inc., v. Employment Sec. Agency of Idaho, 83 Idaho 247, 360 P.2d 994.

The Board concluded that appellant's right to discharge a salesman without reason and without liability gave appellant the power to control the salesman in all respects.

This Court has been consistent in holding that a cogent characteristic of the employer-employee relationship is the right of either party to terminate the relation without liability. See discussions in Taylor v. Blackwell Lumber Co., supra; E. T. Chapin v. Scott, supra; Joslin v. Idaho Times Publishing Co., supra; Laub v. Meyer, Inc., 70 Idaho 224, 214 P.2d 884; Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952; Nixon v. Webber-Riley Lumber Co., 71 Idaho 238, 229 P.2d 997; Blue Bell Co. v. Employment Security Agency, 75 Idaho 279, 270 P.2d 1054; Merrill v. Duffy Reed Construction Co., supra; National Trailer Convoy, Inc., v. Employment Sec. Agency of Idaho, supra. However, as held in those cases retention of the power to discharge without liability, of itself, is not controlling.

"The question whether the relationship is that of employer and employee, or contracting principal and independent contractor is to be determined from all the facts and circumstances established by the evidence." Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657. See

also Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356; Horst v. Southern Idaho Oil Co., 49 Idaho 58, 286 P. 369; Wilcox v. Swing, 71 Idaho 301, 230 P.2d 995.

■ The evidence in the case at bar is heavily weighted with indicia which show lack of retention by appellant of control over its salesmen. The salesmen furnished their own automobiles or modes of conveyances and paid all their attendant expenses, which constitutes a mark of the independent contractor relationship. Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; National Trailer Convoy, Inc., v. Employment Sec. Agency of Idaho, 83 Idaho 247, 360 P.2d 994. Appellant and the salesmen agreed that the relationship be that of principal and independent contractor. Wilcox v. Swing, supra; In re Pacific Nat. Life Assur. Co., 70 Idaho 98, 212 P.2d 397. The salesmen work whatever hours in whatever territory they choose or deem advantageous, and are not required to report to appellant at any definite or fixed time; nor did appellant instruct the salesmen as regards any particular method or requirement of making sales, indicative of the lack of retention of the right to exercise control as to the details and methods of the salesmen's performance of their services. Laub v. Meyer, Inc., 70 Idaho 224, 214 P.2d 884; Wilcox v. Swing, supra; Merrill v. Duffy Reed Construction Co., supra.

The Board concluded that because some of the salesmen, at their option, contracted for group medical insurance through appellant, such constituted evidence of an employer-employee relationship. Rather, since appellant did not require its salesmen to join such group plan, the choice being entirely at the option and at the cost of the salesman, such constituted an indicia of the independent contractor relationship.

■ The Board concluded that because advancements, made by appellant to its salesmen, were to be repaid by the salesmen out of commissions earned, such was inimical to the relationship of principal and independent contractor. The record does not show such an arrangement, but shows that in instances appellant did not press repayment of advances where earned commissions were not available for repayment. The fact that appellant did not seek return of advancement by legal recourse, in itself, does not establish an employer-employee relationship. The manner of payment is not decisive of the employer-employee or the principal-independent contractor relationship. Merrill v. Duffy Reed Construction Co., supra; State Highway Commission v. Brewer, 196 Okl. 437, 165 P.2d 612; Stover Bedding Co. v. Industrial Commission, 96 Utah 423, 107 P.2d 1027, 134 A.L.R. 1006. Nor is the absence herein of an agreement for the performance of a fixed or determinable quantum of services, Hiebert v. How-

ell, 59 Idaho 591, 85 P.2d 699, 120 A.L.R. 388, in itself determinative of an employer-employee status. Such indicia is but another expression of reservation of the right of discharge without liability.

In re Pacific Nat. Life Assur. Co., 70 Idaho 98, 212 P.2d 397, this Court set aside the Industrial Accident Board's determination that the contracted services of the general agent and soliciting agents of the insurance company constituted covered employment under the Employment Security Law. In that case an agent was required to devote his entire time to the performance of his duties, whereas in the case at bar such requirement did not attain; also, in that case, as here, either party could terminate the relationship without liability, and the parties construed the relationship to be that of principal and independent contractor. In disposing of the case this Court said:

> "The provisions of the contracts for: full time; right to terminate; compliance with licensing and other requirements of the state law; protection of the interests of the company from fraud or other unauthorized acts of the agent; and for forfeiture, are all aimed at the accomplishment of the ultimate result or purpose of the contracts, namely the promotion of the company's business. They are not intended to provide the company with the right to control and direct the agents in the performance of their agreements. The

parties have so construed these provisions. No attempt has been made to control or direct the agents as to the manner or means by which the ultimate result is to be accomplished."

See also National Trailer Convoy, Inc., v. Employment Sec. Agency of Idaho, 83 Idaho 247, 360 P.2d 994; Peters v. California Building-Loan Ass'n, 116 Cal.App. 143, 2 P.2d 439; Apenese v. Department of Labor and Industries, 3 Wash.2d 45, 99 P.2d 629; W. H. Butcher Packing Co. v. Hixon, 189 Okl. 700, 119 P.2d 1019.

■ We conclude that the evidence is insufficient to sustain the decision of the Board determining that the employer-employee relationship exists between appellant and its salesmen. We therefore sustain appellant's assignments of error.

The decision of determination of the Industrial Accident Board is reversed. Costs to appellant.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.

On Denial of Petition for Rehearing

SMITH, Justice.

On denial of respondent's petition for rehearing, and in answer to respondent's contention that appellant was erroneously awarded costs on this appeal, we point to the following:

■ The Employment Security Agency may sue and be sued as regards all matters within the purview of the Employment Security Law. See Idaho Code, Title 72, Part 3, ch. 13, and particularly I.C., sections 72–1338, 72–1339, 72–1340, 72–1351, 72–1353, 72–1354, 72–1355, 72–1356, 72–1358, 72–1359, 72–1360, 72–1361 and 72–1368.

In carrying out his duties to administer the Employment Security Law, the director of the Employment Security Agency may make expenditures, I.C., § 72–1333; he may pay the fees of witnesses who are subpoenaed by the appeals examiner, and such fees shall be deemed as part of the expenses of the administration of the Law, I.C., § 72–1338; he may pay costs necessarily incurred in bringing any civil action for the collection of any delinquent payment of contributions or penalties thereon, I.C., § 72–1355.

■ It is implicit in the foregoing that the director of the Employment Security Agency may pay the costs of the prevailing party in litigation commenced by or directed against the Agency as an incident to the Administration of the Employment Security Law.

■ The awarding of costs to a successful litigant against the Employment Security Agency, as well as against its predecessor in name, the Unemployment Compensation Division of the Industrial Accident Board, is not without precedent. See Ramsey v. Employment Security Agency, (Idaho 1963) 379 P.2d 797;[1] Saulls v. Employment Security Agency, (Idaho 1963) 377 P.2d 789;[2] Johnson v. Employment Security Agency, 81 Idaho 560, 347 P.2d 764; Eytchison v. Employment Security Agency, 77 Idaho 448, 294 P.2d 593; Wolfgram v. Employment Security Agency, 75 Idaho 389, 272 P.2d 699; Claim of Sapp, 75 Idaho 65, 266 P.2d 1027; Mandes v. Employment Sec. Agency, 74 Idaho 23, 255 P.2d 1049; In re General Electric Co., 66 Idaho 91, 156 P.2d 190; Carstens Packing Co. v. Unemployment Compensation Division, Etc., 65 Idaho 370, 144 P.2d 203; Big Wood Canal Co. v. Unemployment Compensation Division, etc., 63 Idaho 785, 126 P.2d 15; Carstens Packing Co. v. Industrial Accident Board, 63 Idaho 613, 123 P.2d 1001; Phipps v. Boise Street Car Co., 61 Idaho 740, 107 P.2d 148.

This Court adheres to its award of costs to appellant against respondent.

Respondent's petition for rehearing is denied.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.

1. Ante, p. 395.

2. Ante, p. 212.