(January 14, 1924.)

## ELLEN GOBLE et al., Respondents, v. BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant.

[224 Pac. 439.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action for damages for causing death by negligence. Judgment for plaintiff. *Reversed and remanded* for new trial.

Alfred A. Fraser and P. B. Carter, for Appellants.

The court erred in refusing to give to the jury instruction No. 5 asked for by the defendant, as follows: ''The fact that the work to be done by Victor Laracea and his partners was to be done under the supervision of an agent of the defendant or that the defendant inspected the work to see that it was performed according to contract does not change the relation from that of an independent contractor to that of a mere servant.'' (*Greene v. Soule,* 145 Cal. 96, 78 Pac. 337; *Frassi v. McDonald,* 122 Cal. 400, 55 Pac. 139; *Callan v. Bull,* 113 Cal. 593, 45 Pac. 1018; note to 65 L. R. A. 478; *Wallace v. Pince Tree Mfg.,* 150 Minn. 386, 185 N. W. 500.)

Laurel E. Elam, for Respondents.

The company reserved the right to discharge the sawyers and the right to terminate the contract at any time, and the sawyers also had the right to quit at any time. Under such conditions, the condition of independent contractor could not exist. (*Lewis v. Detroit V. B. Co.,* 164 Mich. 489, 126 N. W. 729; *Cochran v. Rice,* 26 S. D. 393, 128 N. W. 583; *Parrott v. Chicago G. W. Ry.,* 127 Iowa, 419, 103 N. W. 353; *Pottoref v. Fidelity Coal M. Co.,* 86 Kan. 774, 122 Pac. 120; *Tuttle v. E. M. Lumber Co.,* 192 Mich. 385, 158 N. W. 878; *United States F. G. Co. v. Lowry* (Tex. Civ.), 231

S. W. 822; *Employers I. Co. v. Kelly Coal Co.*, 156 Ky. 74, 160 S. W. 914; *Wootan v. Dragon Consol. M. Co.*, 54 Utah, 459, 181 Pac. 593; *Arizona H. C. Co. v. Grenshaw*, 21 Ariz. 15, 184 Pac. 998; *Tiffin v. McCormack*, 34 Ohio St. 642, 32 Am. Rep. 408.)

On the question of proper instruction on independent contractor, see *Wheeler & Co. v. Fitzpatrick*, 135 Ark. 117, 205 S. W. 302; *Overhauser v. American Cereal Co.*, 128 Iowa, 580, 105 N. W. 113; *Ennis v. Bauman Rubber Co.*, 91 Conn. 425, 99 Atl. 1031.

Assumption of facts in an instruction does not change the relation from that of an independent contractor to that of a mere servant.    (14 R. C. L., p. 738; 38 Cyc. 1657.)

McCARTHY, C. J.—This is an action brought by respondent Ellen Goble, on behalf of herself and three minor children, to recover damages for the death of Elmer Goble, her husband, and their father, which she claims was caused by the negligence of appellant. The theory of the action as disclosed by the complaint and evidence is that Elmer Goble was an independent contractor skidding logs for appellant; that while so engaged he was struck and killed by a falling tree, the fall of which was caused by the rolling against it of a large log, this in turn being caused by the fact that certain servants of appellant, who were sawing the log, neglected to block it so as to prevent it rolling. Appellant denied any negligence on its part and contended that deceased's death was caused by his contributory negligence, that the sawyers were independent contractors and not its servants, and that at the time of his death the deceased was not engaged in any duty required of him by his contract. The jury returned a verdict for respondents in the amount of $21,000, of which $6,000 was awarded to respondent Ellen Goble, and $5,000 each to the three minor children, aged 6, 8 and 10. Judgment was entered upon the verdict. From the judgment and an order denying a new trial, this appeal is taken.

Among many specifications of error appellant contends that the evidence is insufficient to support the judgment and the court erred in denying the motion for a new trial, because the evidence conclusively shows that the sawyers, whose negligence is alleged to have caused the fall of the tree, were independent contractors and not servants of appellant. The contract between appellant and the sawyers was oral. Even in the case of an oral contract if there be no material dispute in the testimony, the question of whether the relation is that of master and servant or employer and independent contractor is for the court. (14 R. C. L., p. 79, note 3.) Where the evidence is conflicting or different inferences may be drawn from the testimony concerning the oral contract, the question is one for the jury. (14 R. C. L., p. 79, notes 5 and 6.) I conclude that the evidence does not show, as a matter of law, that the sawyers were independent contractors rather than servants, and that the question was one for the jury.

This being so, the court's instructions are of great importance. The only definition of an independent contractor which the court gave the jury was as follows:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods without being subjected to the control of his employer except as to the result of his work."

This is quoted *verbatim* from 14 R. C. L., p. 67, note 2. Appellant assigns as error the refusal of the court to give the following instruction requested by it:

"The fact that the work to be done by Victor Laracea and his partners was to be done under the supervision of an agent of the defendant or that the defendant inspected the work to see that it was performed according to contract does not change the relation from that of an independent contractor to that of a mere servant."

The principle stated in this request is supported by the weight of authority. (14 R. C. L., p. 69, sec. 5, note 20.)

It was relevant to the facts shown by the evidence. It is not substantially covered by the instruction given.

It is suggested that the form of the instruction requested is objectionable in that it suggests that the relation between appellant and the sawyers was that of employer and independent contractor, that the circumstances mentioned did not change it to that of master and servant, and that the court is of that opinion. In other words, it is argued that the instruction, because of its form, constituted an invasion by the court of the jury's province. If this objection be well taken, it is a good reason for refusal to give the instruction. In my judgment it is not well taken. The form of the instruction might well have been improved but, reasonably construed, I do not think it is subject to the connotation or intimation suggested. I do not think the jurors would have understood it to mean that the court thought the relation was one of employer and independent contractor. I think they would have understood it to mean that the question was for them to decide, and that the circumstances mentioned would not of themselves make the relation one of master and servant. That, to my mind, is the reasonable meaning of the language used. I therefore conclude that the principle of law embodied in the requested instruction is sound and applicable, that it was not adequately covered by the instruction given, and that the form of the request is not sufficiently objectionable to justify its refusal. The refusal to give the requested instruction was therefore reversible error.

I do not regard the other specifications of error as well taken.

The judgment is reversed and the cause remanded for a new trial. Costs awarded to appellant.

Budge and Wm. E. Lee, JJ., concur in the conclusion reached.

BUDGE, J.—In concurring in the conclusion reached by Chief Justice McCarthy I do not wish it to be understood that my concurrence was based upon the court's refusal to give the instruction referred to in the opinion.

I am authorized to say that Justice Wm. E. Lee agrees with the view herein expressed.

Dunn and William A. Lee, JJ., dissent.

Petition for rehearing denied.