(No. 5052.   March 19, 1930.)

ADAM G. HORST, Appellant, v. SOUTHERN IDAHO OIL
   COMPANY, a Corporation, and STATE INSURANCE
   FUND, Respondents.

[286 Pac. 369.]

Geo. H. van de Steeg, for Appellant.

Scatterday & Stone, for Respondents.

BUDGE, J.—This cause is here on appeal from an order of the district court of the seventh judicial district affirming

an order of the Industrial Accident Board finding claimant was not entitled to compensation under the Workmen's Compensation Act and dismissing the claim.

The proposition to be resolved is whether at the time of the injury claimant was a workman within the meaning of that term as used and defined by the statute (C. S., secs. 6217, 6321), or an independent contractor, not an employee, of the Southern Idaho Oil Company as found by the Industrial Accident Board and district court. The evidence is undisputed, and it becomes a question of law for this court to determine whether proper application of the law was made to the evidence. (*Burchett v. Anaconda Copper Min. Co.*, 48 Ida. 524, 283 Pac. 515.)

Claimant was one of a partnership of four owning and operating an automobile service or filling station in Nampa. In June, 1925, the partnership entered into a written contract with the Southern Idaho Oil Company under the terms of which the oil company agreed to erect in the city of Nampa, and maintain for a term of five years, a wholesale gasoline storage plant, and to supply the partnership with gasoline and petroleum products therefrom at stipulated prices. The partnership agreed to operate the said wholesale plant and take and receive their gasoline thereat at their own expense, to handle, use and sell the gasoline and oils so furnished them by the company exclusively, to keep good and sufficient books of account of all gasoline and oil so used by them, to make weekly reports to the company, pay weekly for all gasoline and oil sold by them for cash and monthly for all gasoline and oil sold by them on credit. It was agreed that if the partnership failed to perform its part of the contract the same should become null and void at the option of the oil company, the partnership to pay to the oil company the sum of $1,000 as liquidated damages.

In pursuance of the contract, a storage plant was erected by the company, and the keys thereto turned over to claimant as the representative of the partnership. Shortly after the construction of the plant was finished it was found necessary to build an oil rack therein, and

claimant was authorized by the manager of the oil company to make a wooden rack on which to place the barrels of oil. While engaged in building the rack, on October 1, 1925, together with another of the partners, claimant's right eye was injured by being struck with a chip of wood. Bill for labor and material in the construction of the rack was rendered to the oil company by the partnership, whose account was credited with the amount thereof. Claimant was not on the pay-roll of the oil company, his compensation, if any, in connection with the operation of the storage plant, for aught that appears by the record, being by a division of the profits of the partnership.

■ Whether claimant was an independent contractor or employee of the oil company is to be determined from all the facts and circumstances established by the evidence. It is the actual relation between the parties that must control, and not the conclusion from any single fact. (*Taylor v. Blackwell Lumber Co.*, 37 Ida. 707, 218 Pac. 356; 1 Honnold on Workmen's Compensation, p. 208, sec. 66.) For example, the fact that claimant received no compensation direct from the oil company for his services is not conclusive of the relation which actually existed. (*Easton v. Industrial Acc. Com.*, 34 Cal. App. 321, 167 Pac. 288.) The terms of the contract under which the storage plant was constructed and operated are not alone necessarily determinative of the existing relation, but the conduct of the parties thereunder may be and often is. It is of course necessary to consider the contract as the mode of bringing the parties together, the basis of the arrangement under which claimant worked.

■ The working agreement was, in effect, that the plant be constructed and maintained for a period of five years by the oil company, its operation and control virtually turned over to the partnership. Sale to the partners of gasoline and oil at special rates was the consideration moving to them for such undertaking. The claimant was the representative of the partnership in the operation of the

plant. About the only supervision and control the oil company had over the plant may be likened to that of an owner of a building or property as to a tenant, or a wholesaler of merchandise as to a purchaser permitted to remove purchased goods from the seller's warehouse. The building of the oil rack was an incident of the operation of the plant by the partnership, its effect to save oil leakage which might otherwise have been charged to the partners. Claimant could not have been discharged by the oil company for any reason, was not subject to its direction or control as to the nature, time or extent of his work. Evidence that the partnership paid for its gasoline and oil with checks signed "Southern Idaho Oil Company, Nampa Branch," does not prove the relationship contended for by the claimant. This practice was not shown to have been authorized by the oil company, and there was some question about it, according to its manager. It could not be successfully contended that the partnership as a whole was in the employ of the oil company, and the fact that claimant happened to be the partner designated to look after the plant is not sufficient to bring him within that category.

However liberally the evidence be viewed, it shows positively that claimant was acting in furtherance of his own business interests as an independent contractor at the time of his injury.

Affirmed. Costs to respondents.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.