## WINTER PARK TELEPHONE CO. v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

### No. 12776.

United States Court of Appeals Fifth Circuit.

April 7, 1950.

H. M. Voorhis, and W. H. Poe, both of Orlando, Fla., for appellant.

Robert J. Pleus, and Edward J. Gurney, Jr., both of Orlando, Fla., for appellee.

Before WALLER and RUSSELL, Circuit Judges, and DeVANE, District Judge.

WALLER, Circuit Judge.

The Court below granted a summary judgment in favor of the Plaintiff without making any express findings of fact or conclusions of law.

We are of the opinion that this case is not one that readily lends itself to such a summary disposition.

The facts and circumstances, although in no material dispute as to their actuality, reveal aspects from which inconsistent hypotheses might reasonably be drawn and as to which the minds of reasonable men might differ.

The drawing of inferences and the acceptance of hypotheses arising out of the facts are ordinarily attributes that the judicial process has conferred upon the finder of the facts. For instance, a satisfactory solution of the present case necessarily involves the drawing of some factual deductions by which to answer such questions, and others which might arise upon a full determination of the case, as: Was the contract between Burnett and the Winter Park Telephone Company valid without, or conditioned upon, the approval of the Florida Railroad Commission? Was such an approval a condition precedent or subsequent to the contract for the acquisition of the farmers' telephone line by Winter Park? In view of the provision of

the contract purporting to condition same upon the consent of the Plaintiff to permit the continuance of the connections of the farmers' telephone lines to Plaintiff's telephone system, can the Plaintiff, in the absence of showing of such consent, rightfully claim to be a third party beneficiary to such contract? If such contract without the approval of the Railroad Commission was unlawful, can the Plaintiff claim the rights of a third party beneficiary thereunder? Did the facts in the record show the existence of either an express or implied contract between the Plaintiff and the Winter Park Telephone Company entitling the Plaintiff to recover the amount fixed by the judgment? Or, should not the rights of the Plaintiff, under the facts, have been ascertained and measured by the principles relating to: (a) agency; (b) the declaration and enforcement of a constructive trust in order to prevent unjust enrichment; (c) equitable garnishment; or some other appropriate equitable proceeding.

We are left to conjecture as to these things and cannot, with prudent assurance, say what legal or equitable remedies the evidence had sufficient substantiality to call into operation.

In the absence of specific findings of fact and conclusions of law by the lower Court we will not undertake to say that there is no sufficient evidence to establish a right to recover the amount of the judgment in a suit at law upon an express or implied contract, although we have considerable misgivings on this score and lean strongly to the view that whatever rights the Plaintiff may have must be measured by equitable principles to the end that the parties shall not be unjustly enriched by the labor and property of others, and also to the end that it may be paid that which *ex aequo et bono* it should have in the event it should be adjudged to have operated the line either as an agent or as a trustee.

 There is substantial controversy here as to how the parties view their respective rights and obligations and these we are asked to spell out from the mass of events involved without the tests which the Rules of Civil Procedure provide, 28 U.S.C.A. Our conclusions in this case should not be grounded upon an indefinite factual foundation,[1] and we cannot proceed with any fair degree of confidence to a decision of this case in the circumstances here without having the benefit of more definite findings of fact and conclusions of law by the Court below. The judgment is, accordingly, reversed and the cause is remanded for the making of specific findings of fact and conclusions of law either from the facts in the record or from a trial of the issues in due course as the Court may deem advisable.

Reversed and remanded.