**G. RICORDI & COMPANY,**
Plaintiff,
v.
**A. J. SLOMANSON, Johnstown Opera Guild, Inc., and Pittsburgh Opera, Inc., Defendants.**
Civ. A. No. 13215.

United States District Court
W. D. Pennsylvania.
July 2, 1956.

performance of the opera "Madam Butterfly" without plaintiff's authority. 17 U.S.C.A.

 Upon argument and evaluation of the pleadings and the contentions of the parties, more particularly defendant's answer and affidavit, it is my judgment that an issue of fact exists as to whether or not plaintiff consented to said performance and whether defendant A. I. Slomanson, President of Johnstown Opera Guild, Inc., conducted his relations with plaintiff in an individual capacity and/or as an officer in behalf of the Johnstown Opera Guild, Inc.

Viewing the evidence most favorable to the parties against whom the motion is lodged, giving to said parties the benefit of all favorable inferences that may be drawn from the evidence, issues of fact are presented which preclude the granting of motion for summary judgment. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580; Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 176 F.2d 90.

An appropriate Order is entered.

---

Isidore M. Goldsmith, Pittsburgh, Pa., for plaintiff.

Margolis & Coppersmith, Johnstown, Pa., for defendants.

GOURLEY, Chief Judge.

This matter comes before the court on motion of G. Ricordi and Company, plaintiff, for summary judgment. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.

The motion is directed for judgment on a suit to recover damages under the copyright laws of the United States for infringement of plaintiff's copyright by