UNITED STATES of America for the use and benefit of J. A. EDWARDS & CO., Inc., Plaintiff,

v.

The THOMPSON CONSTRUCTION CORP., Standard Accident Insurance Company, and Ben B. Greene, Inc., Defendants.

United States District Court
S. D. New York.

June 11, 1958.

Attached to the moving papers is an affidavit by one who was the subcontractor's employee responsible for ordering materials from the use plaintiff. He deposes that he has examined the invoices covering the materials and that those materials were delivered to the job site "on or about the dates set forth" on the invoices. The last invoice is dated October 15, 1956, within the 90 day period dating back from January 9, 1957, the date of the alleged notice. In a deposition taken by the defendants of the president of the use plaintiff, he testified about invoice and shipment practice and said that delivery was made "[w]ithin a very few days of the time the shipment was made and also, probably, within a few days of the time it was received on the job site." No writing was produced showing the date of delivery. The defendants present no directly controverting evidence, for they profess not to know when delivery was made.

"Upon a motion for a summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. * * * All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment. * * *" Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018. The position of the use plaintiff is that the evidence it has presented removes the date of delivery from the case as an issue of fact. But I must conclude that it points up an issue of fact for the decision of the court, that is, whether the evidence can be taken to establish delivery within the appropriate spread of time. The doubt is small, but it involves the kind of a question that a court must hesitate to consider on summary judgment, because it is more appropriately decided with the assistance of demeanor testimony, cross-examination and a live trial. And even though the doubt may be small, a litigant has a right to a trial where there is the slightest

---

Irving Levine, New York City, for plaintiff.

Nevius, Jarvis & Pilz, New York City, for defendants.

EDELSTEIN, District Judge.

The use plaintiff in an action on a payment bond under the Miller Act, 40 U.S. C. § 270b, 40 U.S.C.A. § 270b, based upon delivery by it of supplies to a subcontractor of the defendant prime contractor, has moved for summary judgment, Rule 56, F.R.Civ.P. 28 U.S.C.A. The questions presented are the timeliness and validity of the notice allegedly given under § 270b(a). That subsection provides that notice must be given the prime contractor within 90 days from the date on which the materialman furnished or supplied the last of the material for which claim is made. Defendants, the prime contractor and its surety, contend that the plaintiff has not established the date from which the 90 days must run, even assuming the validity of the alleged notice, which is contested.

doubt about the facts. Doebler Metal Furniture Co., v. United States, 2 Cir., 149 F.2d 130, 135.

Accordingly, the motion for summary judgment will be denied.