353 P.2d 657

A. Stanley MERRILL, Plaintiff-Appellant,

v.

DUFFY REED CONSTRUCTION CO., a corporation, and Ted Johns, Defendants-Respondents.

No. 8834.

Supreme Court of Idaho.

June 28, 1960.

As Modified on Denial of Rehearing Aug. 1, 1960.

Gee & Hargraves, Pocatello, for appellant.

L. F. Racine, Jr., Robert C. Huntley, Jr., Pocatello, for respondents.

spondent Ted Johns was a grade foreman for the company. Appellant by use of his truck was engaged in hauling dirt for a road fill on the construction project.

June 21, 1957, appellant received severe injury when respondent Johns backed the company's tractor and road tamper against appellant who, at the time, was at the front end of his accidently over-turned truck, be· tween it and the company's tamper.

Appellant commenced this tort action for damages, alleging respondents' negligence in the premises; and further, that at the time he sustained the injury the relationship of principal and independent contractor existed between him and respondent company. Respondents, after denying negligence on their part, affirmatively allege that at such time the relationship was that of employer and employee, and that, therefore, appellant's remedy is governed by the workmen's compensation law.

Respondents moved for summary judgment on the ground that the pleadings and depositions show that they are entitled to judgment as a matter of law. Although appellant resisted the motion the trial court granted it, entering the judgment July 29, 1959, in respondents' favor. Appellant appeals.

SMITH, Justice.

Respondent Duffy Reed Construction Co., hereinafter sometimes referred to as the company, prior to and on June 21, 1957, was engaged in constructing a relocated portion of U. S. Highway 30 North, some five miles west of American Falls. Re-

The only question presented by appellant's assignment of error is, whether the "pleadings, depositions, and admissions on file, together with the affidavits, if any,

**414**

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho Rules Civ.Proc. rule 56 (c).

The trial court, when confronted by a motion for summary judgment, must determine if there are factual issues which should be resolved by the trier of facts. On such a motion it is not the function of the trail court to weigh the evidence or to determine those issues. Moreover, all doubts must be resolved against the party moving for a summary judgment. Griffeth v. Utah Power & Light Company, 9 Cir., 226 F.2d 661; G. Ricordi & Co. v. Slomanson, D.C., 19 F.R.D. 196; Cox v. American Fidelity & Casualty Co., 9 Cir., 249 F.2d 616; Booth v. Barber Transportation Co., 8 Cir., 256 F.2d 927; Girard v. Gill, 4 Cir., 261 F.2d 695; McHenry v. Ford Motor Co., 6 Cir., 269 F.2d 18; United States for Use and Benefit of J. A. Edwards & Co. v. Thompson Construction Corp., D.C., 22 F.R.D. 100; Jamison v. Pennsylvania Salt Manufacturing Co., D. C., 22 F.R.D. 238.

A motion for summary judgment should be denied if the pleadings, admissions, depositions, and affidavits raise any question of credibility of witnesses or weight of the evidence. Ramsouer v. Midland Valley R. Co., D.C., 44 F.Supp. 523; Fox v. Johnson & Wimsatt, Inc., 75 U.S. App.D.C. 211, 127 F.2d 729, 737; Clayton v. James B. Clow & Sons, D.C., 154 F.Supp. 108, 112.

A motion for summary judgment must be denied if the evidence is such that conflicting inferences could be drawn therefrom, or if reasonable men might reach different conclusions. Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101; Winter Park Tel. Co. v. Southern Bell Tel. & Tel. Co., 5 Cir., 181 F.2d 341; Poole v. Gillison, D.C., 15 F.R.D. 194; Barron and Holtzoff, Vol. 3, Federal Practice and Procedure, § 1234, p. 135.

Appellant asserts that whether, at the time of his injury, his status was that of a company employee, prohibiting his present tort action, or an independent contractor of the company, permitting such action, constitutes a factual issue in regard to which the facts are in conflict, thus precluding a summary judgment.

Respondents, on the other hand, urge that conflict, if it exists, is not as to the facts, but as to the legal conclusions to be drawn from the undisputed facts; and that therefore the trial court properly ruled, upon the record and applicable law, that "there is no genuine issue as to any material fact," and that respondents were entitled to the summary judgment.

We deem to be in order a comparative analysis of the law, applicable to certain phases of this case, i. e., employer-employee

and contracting principal—independent contractor relationship.

The authorities have suggested various tests for determining the relationship. No one test standing alone, except perhaps the right to control in the employer-employee relationship, and the lack of such right in that of principal and independent contractor, is wholly decisive.

■ In Pinson v. Minidoka Highway District, 61 Idaho 731, 737, 106 P.2d 1020, 1022, it is stated:

"The general test is the *right* to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue, that gives rise to the relationship of employer and employee."

This general test was approved in Laub v. Meyer, Inc., 70 Idaho 224, 214 P.2d 884.

Inasmuch as the trial court, in granting the summary judgment, ruled in effect that the record presented no factual issue as to the existence of the employer-employee relationship between appellant and the company on the date of appellant's injury, but that such relationship was shown as existent without factual conflict, and thus, as a matter of law, we shall point to various other tests, held not to disturb the relationship of principal and independent contractor or as indicia of the existence of that relationship.

■ "An independent contractor * * * is one who, in the course of an independent employment, undertakes to perform work subject to the control of the person for whom the work is done only as to the result or product of the work, and not as to the means or methods used." 99 C.J.S. Workmen's Compensation § 90, p. 311. "The right of control by which the nature of the employment is tested is the right to control the work, the details of the work, the manner, method, or mode of doing it, the means by which it is to be accomplished, or, specifically, the details, manner, means, or method of doing the work, as contrasted with the result thereof." 99 C.J.S. Workmen's Compensation § 92, pp. 321–323. See also Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356; Goble v. Boise Payette Lumber Co., 38 Idaho 525, 224 P. 439; E. T. Chapin Co. v. Scott, 44 Idaho 566, 260 P. 172; Horst v. Southern Idaho Oil Co., 49 Idaho 58, 286 P. 369; Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; In re Black, 58 Idaho 803, 80 P.2d 24; Whalen v. Zinn, 60 Idaho 722, 96 P.2d 434; In re General Electric Co., 66 Idaho 91, 156 P.2d 190; Laub v. Meyer, Inc., 70 Idaho 224, 214 P.2d 884; Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952; Wilcox v. Swing, 71 Idaho 301, 230 P.2d 995; Fit-

**416**

zen v. Cream Top Dairy, 73 Idaho 210, 249 P.2d 806.

■ The fact that the work is to be done under directions and to the satisfaction of certain persons representing the principal, do not render the person contracted with to do the work, a servant. Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; In re General Electric Co., 66 Idaho 91, 156 P.2d 190; Laub v. Meyer, Inc., 70 Idaho 224, 214 P.2d 884; Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952.

■ The right of discharge is not a decisive test of the relationship of either the employer-employee relationship or that of principal and independent contractor. Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356; Horst v. Southern Idaho Oil Co., 49 Idaho 58, 286 P. 369; Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; In re Black, 58 Idaho 803, 80 P.2d 24.

The method of payment does not disturb the independent contractor relationship. Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356; E. T. Chapin Co. v. Scott, 44 Idaho 566, 260 P. 172; Horst v. Southern Idaho Oil Co., 49 Idaho 58, 286 P. 369; Nixon v. Webber-Riley Lumber Co., 71 Idaho 238, 229 P.2d 997.

The right of supervision, if retained, does not alter the independent contractor relationship. Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323.

■ The hiring, furnishing, controlling, discharging and paying of assistants although not conclusive of the independent contractor relationship are indicia thereof, to be considered. 99 C.J.S. Workmen's Compensation § 95, pp. 336–337.

■ A workman, who furnishes his own equipment, and pays his expenses, are factors to be considered in determining whether the independent contractor relationship exists. 99 C.J.S. Workmen's Compensation §§ 96–97, pp. 339–341.

A contractual relationship which involves manpower *and* equipment, where the contract is not divisible in the regard that the principal may rule off the job the worker *and* his equipment (but he cannot rule off the job the worker or his equipment, retaining one or the other), constitutes strong indicia of the relationship of principal and independent contractor; Western Indemnity Co. v. Pillsbury, 172 Cal. 807, 159 P. 721; Luckie v. Diamond Coal Co., 41 Cal.App. 468, 183 P. 178; Counihan v. Lufstufka Bros. & Co., 118 Cal.App. 602, 5 P.2d 694; Mountain Meadow Creameries v. Industrial Accident Commission, 25 Cal.App.2d 123, 76 P.2d 724; Clarke v. Hernandez, 79 Cal.App.2d 414, 179 P.2d 834; Stover Bedding Co. v. Industrial Commission, 99 Utah 423, 107 P.2d 1027, 134 A.L.R. 1006. Cf. Nixon v. Webber-Riley Lumber Co., 71 Idaho 238, 229 P.2d 997.

Scrutiny of the pleadings, admissions, depositions and affidavits constituting the record herein reveals facts pointing to both the employer-employee relationship and that of principal and independent contractor.

Indicia of the existence of the employee relationship are: Appellant was furnished a time card each day to be filled out showing his own time and the time of his truck on the job, which card appellant signed above the line designated the "employee;" respondent, the company's grade foreman, had authority to hire and discharge a truck operator if he couldn't keep up with the other trucks, i. e., if his services proved unsatisfactory; the grade foreman indicated to the truck drivers where to dump the fill dirt; the company included appellant on its payroll and made payment of his "wages" from which it made "social security" deductions. The company submitted a notice of injury and claim for compensation on behalf of appellant to the Industrial Accident Board and caused certain compensation payments to be made on appellant's behalf.

Indicia of the existence of the relationship of contracting principal and independent contractor are: Appellant had authority from the Idaho Public Utilities Commission to operate as a common carrier, indicative of his following trucking as an independent business or occupation. The truck owner was required to furnish and pay a driver, although a driver may be the owner. The truck owner fixed the wage paid to his driver in conformity with union scale. Appellant provided his own trucks, driving one himself, and engaged and paid his truck drivers. A truck operator manipulated the truck as he wanted to, such as driving and dumping it or whatever else was to be done with it. Appellant maintained his trucks, paying for the repairs and replacements, fuel and oil, taxes and insurance. The company was interested in a truck driver so long as he was competent as a driver. The company did not inspect any truck from a mechanical standpoint; the company was interested only in the yardage capacity of a truck. The company paid $1 per yard hour for both the truck and the driver, as a unit. The company deducted from the "truck rental charge" of $1 per yard hour any sum it had paid on behalf of the owner, such as wages of the owner's truck drivers, truck repair and maintenance, fuel and oil, taxes and insurance.

Appellant during the time he worked did not furnish to the company and the company did not request his social security number, and there was no discussion concerning withholding tax or "social security" deductions. Appellant worked two shifts on June 17, and two on June 18, 1957, driving one of his trucks, hauling road fill for

the company, although the company's policy did not permit its employees to work overtime; he performed this additional work at his own direction and without company interference. The grade foreman indicated to truck drivers only the general area where to dump the fill dirt. When appellant's truck tipped over on the job, appellant's men tipped it back on its wheels and took it to Pocatello, the company's superintendent stating, "I wouldn't assume responsibility myself—none of Duffy Reed's or the company's men."

The record discloses the existence of certain additional facts and circumstances indicative of dispute or conflict, some of which may raise the question of credibility of witnesses, which should be considered by the trier of facts in determining the relationship. We point briefly to such matters.

Payroll sheets relating to the company's employees were made out at the job near American Falls by the timekeeper; whereas it appears that appellant's name was not so placed on the payroll but added at the company's Twin Falls office after his injury. The record indicates that the names of certain truck operators did not appear on the company's payroll, although they performed services for the company in the identical manner as did appellant. The explanation of appellant appears, that because of his serious condition due to the

injury, he did not know that a claim for compensation, which he did not sign, was made on his behalf, nor that compensation drafts, which he did not endorse, were deposited in his bank account by his wife; it appears that he stopped those payments when he became able to attend to his affairs; that because of his condition for a time after the injury he did not know about the company's draft for his "wages" mailed to his address, which his wife deposited without his endorsement. Appellant's wife explained that she deposited the drafts without appellant's endorsement because "we needed the money."

The company's representative, after appellant sustained injury, telephoned Mrs Merrill for appellant's social security number, his age, and the number of his dependents; it appears that the representative then stated in effect that ordinarily appellant would not have been on the payroll, but that the company included him thereon that he be covered by compensation insurance.

Appellant's uncontroverted affidavit in opposition to the motion for summary judgment sets out that he will show at a trial that his drivers were covered by workmen's compensation insurance.

Moreover, under the contractual relationship which existed between the parties, the company appears to have contracted for a truck and driver, as a unit, and al-

though the record indicates that the company could dispense with a driver if he proved to be unsatisfactory as a truck operator, again, inferable from the record, such act might also dispense with the services of the owner's truck. The question thus presented is whether the company could dispose of the driver *or* the truck, i. e., retain the services of the truck upon dismissal of the driver; or whether dismissal of a driver effected termination of the services of the truck, i. e., the driver *and* the truck.

It thus becomes clear that the evidentiary aspects of the record before us require not only a decision by a trier of facts according to the preponderance of the evidence, but that a sharp dispute between the parties exists as to whether their relationship was that of employer-employee or principal-independent contractor; also that conflict exists as to the actual relationship. And certainly, reasonable minds may well differ as to the inferences which may be drawn from the facts and circumstances shown.

■ The question whether the relationship is that of employer and employee, or contracting principal and independent contractor is to be determined from all the facts and circumstances established by the evidence. Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356; Horst v. Southern Idaho Oil Co., 49 Idaho 58, 286 P. 369; Wilcox v. Swing, 71 Idaho 301, 230 P.2d 995.

"Except in the clearest of cases, the determination of whether the relationship is that of employer and employee or independent contractor is to be determined in each case upon its particular facts." Fitzen v. Cream Top Dairy, 73 Idaho 210, 249 P.2d 806, 809.

■ Where the facts are in conflict as to the actual relationship existing, it becomes the duty of the trier of the facts to determine the ultimate fact as to whether the relationship is that of employer and employee or principal and independent contractor. Taylor v. Blackwell Lumber Co., 37 Idaho 707, 218 P. 356; Joslin v. Idaho Times Publishing Co., 56 Idaho 242, 53 P.2d 323; Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952.

■ The judgment is reversed and the cause remanded for further proceedings and trial consonant herewith. Costs to appellant.

Petition for rehearing denied.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.