405 P.2d 959

Elzie William SMITH, Claimant-Appellant,

v.

Henry W. SINDT, dba Sindt Logging Company, Employer,

and

Guaranty National Insurance Company, Surety, Defendants-Respondents.

No. 9620.

Supreme Court of Idaho.

Sept. 22, 1965.

Thomas A. Mitchell, Coeur d'Alene, for appellant.

E. L. Miller and Philip E. Dolan, Coeur d'Alene, for respondents.

McFADDEN, Justice.

The issue presented by the sole assignment of error in this appeal is whether the Industrial Accident Board erred in its determination that the relationship of Elzie William Smith, claimant, with Henry W. Sindt, doing business as the Sindt Logging Company, was that of an independent contractor and not that of an employee.

In October, 1963, Henry W. Sindt, entered into a logging contract with Northwest Timber Company, whereby Sindt, for agreed payments, was to log the timber from certain lands therein described and deliver logs to the Northwest Timber Company log landing.

Sindt in turn on June 8, 1964, entered into an agreement with claimant Smith, Exhibit 1, under the terms of which Smith was to haul logs from Sindt's loading ramp to the Northwest Timber Company log landing at Coeur d'Alene. Under the terms of this agreement Smith was to furnish the truck and driver.

Smith commenced hauling the logs under the Sindt contract on June 8, 1964, and continued until he was injured on June 30, 1964. His injury was caused by being struck by a log while unloading his truck at the Coeur d'Alene log landing. Smith then filed a petition for hearing with the Industrial Accident Board, alleging among other things that he was employed by Sindt as a trucker at the time of the accident and that the accident arose out of and in the course of his employment. The Northwest Timber Co. was also named as an employer. Northwest Timber Company was dismissed as a party on Motion of its counsel.

Sindt answered the petition, denying Smith was his employee, and denying that the accident arose out of the course of Smith's employment. As an affirmative defense, Sindt alleged that Smith was an independent contractor by virtue of the agreement between Smith and Sindt of June 8, 1964. Sindt further alleged that at the time of the accident Smith was subject to the control of the Northwest Timber Company in the unloading of the logs by

virtue of the provisions of the contract between Northwest Timber Company and Sindt which provided that Northwest retained all control and supervision and direction over the unloading of logs.

On the issues so framed, the cause was heard by the Board. In its findings, the Board found that at the time of the accident Smith was hauling logs for Sindt; that he was hauling one load a day, five days a week; that on only one occasion during the season did he haul more than one load a day, and on that occasion he made a full trip, and got another load which he parked at his home overnight.

The Board further found that the relationship between Northwest Timber Co., and Sindt was that of a principal and independent contractor; that Sindt carried fewer than 12 persons on his payroll as employees; that Sindt had no logging trucks, and formerly had hired truckers as employees, but later entered into contracts to do the hauling. The Board also in its findings discussed pertinent provisions of the Sindt-Smith Contract, and in denying Smith's claim, stated in its ruling of law:

"Claimant's Exhibit 1, the log hauling contract between himself and Sindt Logging Company, trade name of defendant, Henry W. Sindt, unequivocally and in the strongest terms established [sic, established] Smith's status as an independent contractor. Claimant assayed [sic, assumed] the burden of proving under Section 72–205, Idaho Code, that the contract was a device to relieve Sindt from Liability as an employer under the Workmen's Compensation Law, By a preponderance of substantial evidence he failed to meet this burden.

"Nor did claimant prove by substantial evidence indicia of an employer-employee relationship incompatible with a principal-independent contractor relationship between Sindt and himself."

Appellant in his argument that the board erred in its determination that Smith was a contractor and not an employee, relies heavily on the case of Beutler v. MacGregor Triangle Co., 85 Idaho 415, 380 P.2d 1.

In the Beutler case, supra, MacGregor Triangle Co., had a logging contract with Boise-Cascade Corporation to cut and haul logs to the Boise-Cascade mill at Emmett and to the Wetherby mill near Atlanta, with the unloading to be done by the employees of the respective mills. Later Beutler and MacGregor Triangle Co., also entered into a contract whereby Beutler was to do the hauling from the loading site to the respective mills. Beutler furnished and operated his own truck and equipment. Beutler was injured when he lost control of his truck and sought compensation from MacGregor. The Industrial Accident

Board after hearing the evidence held that Beutler was an employee of MacGregor and not an independent contractor. On appeal this court affirmed the order of the board awarding Beutler compensation. The Board found that MacGregor maintained control over Beutler as to the time of loading, species to be loaded, and destination. The contract in that case provided that MacGregor retained the right to determine the sequence of the trucks. The contract did not require Beutler to haul any specific amount of logs. Either party could terminate the relationship upon five days' notice without liability to the other party. This court held the evidence sufficient to sustain the Board's finding that the relationship between MacGregor and Beutler was that of employer-employee, pointing out that the Board had before it all the indicia and the facts as developed in arriving at its decision.

One of the most distinguishing features between this case and the Beutler case (aside from the fact that the Board found employer-employee relationship in the Beutler case, and principal-independent contractor relationship here), is the contract provision concerning termination. In the Beutler case, the contract could be terminated on five days notice without liability. Here the contract provided for termination by either party upon five day notice, but only in case of default on the part of the other party. In the event of a breach by the contractor and if the company elected to terminate, the contractor was entitled only to payment of compensation then earned. The agreement also stated: "It is the intention of both parties to preserve for each, predetermined or liquidated damages of any kind." This clause is indicative of intent of the parties to preserve the right to claim damages one as against the other in case of one party's breach.

While the right to determine an agreement without liability is an important indicia of the relationship of employer-employee, and the right to claim damages in case of breach is an indicium of principal-independent contractor relationship, this one indicium is not all-controlling.

Reference to the contract reveals indicia of both type of relationships. Provisions indicating that Smith was an independent contractor are: Smith, who was in the log hauling business, was required to furnish one truck and necessary driver; Sindt was obligated to provide at least ten calendar days of hauling; the logs to be hauled by Smith were to be delivered by him free from all liens; Smith was required to maintain workmen's compensation insurance on his employees. He agreed to comply with the Fair Labor Standards Act as well as all State and Federal Laws concerning Unemployment compensation and laws governing hauling, load limits and safety; he had to maintain public liability insurance and

agreed to hold Sindt harmless from claims arising out of Smith's conduct of performance of the agreement; the contract was to remain in full force and effect until all hauling was completed. The contract itself provided:

"It is agreed and understood that the parties hereto stand in the relationship to each other of independent contractors and the Contractor is contracting independently of the Company and that the parties in no way stand in the relationship of master and servant, principal and agent, or employer and employee. It is further understood and agreed that excepting as herein provided, the Contractor shall be and remain free from the direction and control of the Company in all particulars in the performance of this agreement."

On the other hand, the contract provided that Sindt was to determine "the hauling days per week and the hours of running the loading and landing areas"; Smith was to be paid on the 10th and 25th days of each month for the logs hauled the previous 15 days. The contract did not require Smith to haul any particular quantity of logs nor was Sindt required to supply appellant with a specific number of logs to be hauled.

The terms of the written agreement are not the sole criteria for determination of the relationship of the parties. The trier of the facts must also examine the facts and circumstances surrounding the operation in making such determination. Wilcox v. Swing, 71 Idaho 301, 230 P.2d 995; Beutler v. MacGregor Triangle Co., supra.

Smith testified the logs were loaded on his truck by Sindt employees, but that he could tell this loader where to place the logs, and could ask for more logs if desired. He testified he controlled the method and manner in which his truck was loaded. Another witness, a logging truck owner, testified he also contracted with Sindt under a similar contract, and in explaining the unloading procedures, stated that employees of the Northwest Timber Company directed the truck to the unloading spot; other employees of Northwest operated its lift, which would hold the logs in position on the truck while safety bindings over the load were removed, and then the lift would unload the truck. This witness testified that there were two different routes from the loading area to the mill.

This court has on numerous occasions discussed the various factors to be considered in resolving the question of the relationship of an individual. One of the more recent pronouncements is to be found in Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657, where it was stated at 82 Idaho, page 415, 353 P.2d, page 659:

"The authorities have suggested various tests for determining the relationship. No one test standing alone, except perhaps the right to control in the employer-employee relationship, and the lack of such right in that of principal and independent contractor, is wholly decisive.

"In Pinson v. Minidoka Highway District, 61 Idaho 731, 737, 106 P.2d 1020, 1022, it is stated:

"The general test is the right to control and direct the activities of the employee, or the power to control the details of the work to be performed and to determine how it shall be done, and whether it shall stop or continue, that gives rise to the relationship of employer and employee."

\* \* \* \* \* \*

"An independent contractor \* \* \* is one who, in the course of an independent employment, undertakes to perform work subject to the control of the person for whom the work is done only as to the result or product of the work, and not as to the means or methods used." 99 C.J.S. Workmen's Compensation § 90, p. 31ı. 'The right of control by which the nature of the employment is tested is the right to control the work, the details of the work, the manner, method, or mode of doing it, the means by which it is to be accomplished, or, specifically, the details, manner, means or method of doing the work, as contrasted with the result thereof.' " (citing extensive authority.)

The testimony of the witnesses before the Board did not bring forth any specific items of control being exercised by Sindt over Smith's operations under the contract aside from the general control mentioned in the contract.

In 1 Larson, Workmen's Compensation Law, § 46.10, pg. 680, the author states:

§ 46.10 WHETHER ACTUAL RIGHTS THOSE OF CONTRACTORSHIP.

"The two indisputable principles between which the area of controversy lies are these: first, under a system of free enterprise and free · contract, workers and employers must be allowed to make any arrangements they choose, and if a worker prefers to be an entreprenauer without compensation protection, that is his privilege; and second, it will not do to have the purposes of compensation legislation thwarted by the device of classifying workers as partners or contractors when in· substance they are employees.

"The decided cases give a fairly clear clue to the considerations which

**416**

will determine when a contract passes over from the first to the second category. The tests appear to be chiefly these two: (a) did the contract (and the parties' subsequent conduct in carrying it out) establish the underlying rights of the contractor relationship as distinguished from the legal forms and names, and (b) was the nature of the work such that it might normally be done by independent contractors?"

Appellant urges this court that it should abandon the "control test" to determine a person's relationship in favor of the "economic reality test." In support of such test, he refers this court to the case of Bowser v. State Industrial Accident Commission (1947), 182 Or. 42, 185 P.2d 891; See also United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947); Heiliger v. City of Sheldon (1945), 236 Iowa 146, 18 N.W.2d 182; Tata v. Benjamin Muskovitz Plumbing and Heating, 354 Mich. 695, 94 N.W.2d 71 (1959).

The "right of control" criterion has been severely criticized by some authors as being unrealistic. 1 Larson Workmen's Compensation Laws, § 43.42 pg. 631. However, this is one of the indicuim that has been applied by this court for many years, and until such time as a legislative enactment should require a change, no good reason appears that the precedents that have established this test should now be abandoned.

 It is our conclusion that while there are marked similarities in some facts of this case with that of Beutler v. MacGregor Triangle Co., supra, yet there are also marked differences, which in the opinion of the Board justified a different result. From an examination of the contract and the record as a whole, we cannot say as a matter of law the Board erred.

Order affirmed. Costs to respondents.

McQUADE, C. J., TAYLOR and SMITH, JJ., and TOWLES, D. J., concur.