480 P.2d 194

**Harry GAY and Betty Gay, husband and wife, Plaintiffs-Appellants,**

v.

**Guy HARRIS, Defendant-Respondent.**

No. 10568.

Supreme Court of Idaho.

Jan. 25, 1971.

Whittier & McDougall, Pocatello, for plaintiffs-appellants.

Stanley E. Gardner, of Merrill & Merrill, Pocatello, for defendant-respondent.

McFADDEN, Justice.

This action was instituted by plaintiffs-appellants Harry Gay and his wife against Guy Harris and James Mattson. The plaintiffs sought damages for personal injuries sustained by Harry Gay arising out of a collision of two vehicles operated by defendant-respondent Guy Harris and James Mattson, respectively. On separate motions of each of the defendants, summary judgment was entered against the plaintiffs. The Gays have not appealed from the summary judgment entered in favor of James Mattson. The summary judgment in favor of Harris is reversed for the reasons set forth in this opinion.

Appellants, by their complaint, alleged that Harris was negligent in proximately causing the collision between the Mattson and Harris vehicles. They also alleged Gay sustained serious bodily injuries as a result of the negligent acts. In particular the complaint alleged that Harris was negligent in that he failed to keep a proper lookout, failed to take proper precautions to perceive traffic ahead, failed to yield the right of way, and failed to keep the truck on the right side of the road at a blind and obstructed turn. Harris, by his amended answer, denied all allegations of negligence, and by way of affirmative defense, alleged Harry Gay's negligence was the cause of the accident, and further that Gay's injuries were not proximately caused by any acts of Harris.

The depositions of Harris and of Mattson were taken by the plaintiffs, and on the basis of these depositions the trial court determined there were no genuine issues of material fact and entered summary judgment for the defendants.

The accident happened on June 27, 1968 about 1:00 p.m. and involved two vehicles. One was a Volkswagen owned and operat-

ed by James Mattson, in which vehicle Harry Gay was riding. The other was a Ford pickup truck operated by defendant-respondent Guy Harris and owned by his son. The accident occurred on a narrow gravel canyon road north of Nounan, Idaho. Harris was driving in a northerly direction on this road towards his ranch. Harris's grandson was in the vehicle with him at the time. James Mattson and appellant Harry Gay were traveling in a southerly direction on this road, enroute to a particular fishing place.

The road on which the vehicles were traveling was designated as the "Budge and Nounan Road" and it extended northerly from state highway No. 30, passing through Nounan and continued in a northerly direction into a mountainous area towards the Budge ranch. It was characterized as a dangerous road which wound through a canyon.

As Harris was traveling north he came to a narrow turn in the road. He stated that he never traveled that road at more than twenty miles per hour, and as he got into the turn he saw the Mattson vehicle approaching in the opposite direction. He applied his brakes and testified he came to a complete halt when his vehicle was struck in the left front by the Mattson Volkswagen. The road at that place was level and dirt-covered with some gravel. To Harris's right, the edge of the road dropped off some eight feet, and to the left a steep bank rose from the inside edge of the turn. Harris stated his forward vision was limited to some fifty feet. Harris did not sound his horn prior to entering the curve, nor did Mattson. Harris stated in his deposition that he pulled the pickup as far to the right as he dared, but that the front of his truck still remained in the center of the road.

Mattson's version of the accident was that he and Harry Gay had been fishing and were enroute to a different fishing hole with Mattson driving and Gay riding in the front seat as a passenger. He was not too familiar with this particular road. He had been traveling along this canyon road in a southerly direction at about 25 miles per hour. The left tire of his car was in the center of the road. When he came to the curve he slowed down to about twenty miles per hour. When he saw the Harris vehicle some fifty feet away and straddling the center, he applied his brakes and tried to stop but could not due to the loose gravel. He slid towards the center of the road into the Harris vehicle. He stated he had not blown his horn before approaching the curve. Mattson's Volkswagen hit the pickup truck almost head-on and the front of Mattson's vehicle slid in under the pickup. The front of the Volkswagen was badly damaged.

In Jack v. Fillmore, 85 Idaho 36, 375 P. 2d 321 (1962), this court pointed out that facts must be liberally construed in favor of the party opposing a motion for summary judgment and such party must be given the benefit of all favorable inferences that might reasonably be drawn from them. It is also generally recognized that normally a motion for summary judgment must be denied if the evidence is such that conflicting inferences can be drawn therefrom or if reasonable men might reach different conclusions as to the evidence. Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657 (1960).

I.C. § 49–709 requires that drivers of vehicles proceeding in the opposite direction shall pass each other on the right side of the road, and I.C. § 49–713 provides that no vehicle shall at any time be driven to the left side of the roadway upon a curve on the highway where the driver's view is obstructed within a distance such as to create a hazard in the event another vehicle might approach from the opposite direction. I.C. § 49–763 imposes a duty on the operator of a motor vehicle traveling in canyons or mountains to give audible warning with a horn when the view is obstructed.

**12**

Violation of statutory provisions concerning operation of motor vehicles has been held to be prima facie evidence of negligence. Bratton v. Slininger, 93 Idaho 248, 460 P.2d 383 (1969). Under the record before the court there appear to be unresolved issues of material fact, i.e., was it negligence on the part of Harris to have his vehicle near the center of the road on a curve at the time of impact. Was it negligence on the part of Harris to fail to give an audible signal when approaching the curve. If either of these particular issues were found to be negligence, then whether such negligence was a contributing factor proximately causing the plaintiff's injuries becomes an issue of fact. Issues of negligence and contributory negligence ordinarily present questions of fact to be resolved by the jury. Only where the facts are undisputed and but one reasonable conclusion can be drawn therefrom can the issue of negligence become a question of law. Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965). The issue of proximate cause likewise is generally one for determination by a jury. Nagel v. Hammond, 90 Idaho 96, 408 P.2d 468 (1965); Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966).

From the record, it cannot be said that the facts established in the depositions of Harris and of Mattson dispelled the issue of negligence and the issue of proximate cause presented by the complaint and answer, nor did the depositions establish, as a matter of law, the affirmative defenses presented by defendant Harris's answer. Under these circumstances, it was error to enter the summary judgment in favor of defendant Harris.

The judgment is reversed and the cause remanded for further proceedings. Costs to appellants.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.