590 P.2d 101

**Georgia SIMPSON, Plaintiff-Appellant,**

v.

**MOUNTAIN HOME SCHOOL DISTRICT NO. 193, Defendant-Respondent.**

**No. 12663.**

Supreme Court of Idaho.

Feb. 1, 1979.

Robert F. McLaughlin, Mountain Home, for plaintiff-appellant.

John P. Howard of Quane, Smith, Howard & Hull, Boise, for defendant-respondent.

Before SHEPARD, C. J., DONALDSON and BAKES, JJ., and SCOGGIN and THOMAS, JJ. Pro Tem.

PER CURIAM.

Appellant Georgia Simpson, while approaching on the sidewalk the entrance of respondent Mountain Home School District No. 193, West Elementary School building, for the purpose of voting on August 6, 1974, tripped on a raised section in the sidewalk, falling and injuring herself. A few days later appellant went to said school building and told Mrs. Alice Garmendia, respondent's bookkeeper-deputy clerk, of her accident and injury. Mrs. Garmendia made some notes, and advised appellant she would have to see the superintendent, Mr. Jones, when he returned from vacation. A week or so later appellant was called and advised Mr. Jones had returned. Appellant returned to see him and informed him of her accident and injury. Mr. Jones advised appellant to take the matter up with the school's insurance agent, Mr. Bruce Hicks. Mr. Jones called Mr. Hicks on the telephone, and he and the appellant talked with Mr. Hicks on the phone. Thereafter, appellant went to Mr. Hicks' office and again advised him of her accident and injury. Mr. Hicks told appellant he would contact the company and that an adjuster would see her. Thereafter, Mr. Dean Hendrickson, an adjuster, did visit with appellant and settlement of her claim was discussed and an offer made, which she refused as being insufficient. Appellant immediately went to an attorney, Mr. Robert F. McLaughlin, who, on December 6, 1974, some 122 days after the accident and injury, made a written claim upon respondent. Further settlement discussion was had, and later Mr. Hendrickson informed appellant's attorney that a proper claim had not been filed within the 120 day period as required by law and that the offers of settlement were therefore withdrawn.

Appellant filed a complaint, and respondent filed a motion for summary judgment. Several affidavits and exhibits were filed, from which the above general facts were taken.

It appears from the foregoing recitation of facts which are uncontroverted that notice was given, one affidavit stating that a written claim was made. Although not determining that matter, it would appear that the evidence presented a sharp dispute concerning notice, and that reasonable minds could differ as to the inferences to be drawn therefrom. This court has heretofore held that the trial court, when confronted by motion for summary judgment, must determine if there are factual issues which should be resolved by the trier of facts; that on such motion it is not the function of the trial court to weigh the evidence or determine the issues, and that all doubts must be resolved against the party moving for a summary judgment. *Straley v. Idaho Nuclear Corp.,* 94 Idaho 917, 500 P.2d 218 (1972); *Anderton v. Waddell,* 86 Idaho 220, 384 P.2d 675 (1963); *In re Killgore's Estate,* 84 Idaho 226, 370 P.2d 512 (1962); *Merrill v. Duffy Reed Construction Co.,* 82 Idaho 410, 353 P.2d 657 (1960).

In weighing the questions of notice and whether oral notice with written notes or records made thereof is sufficient or whether the notice must be in writing originally, the court takes into account that the Idaho Tort Claims Act as originally passed (1971 Session Laws, Ch. 150 § 2, p. 743) stated:

7. "Claim" means any claim against a governmental entity . . . .

The 1976 amendment (1976 S.L. Ch. 309, § 2, p. 1062) provided:

7. "Claim" means any written demand to recover money damages from a governmental entity . . . .

Thus, at the time this claim arose the statute requiring "written demand" was not in effect. The court also considers the final provision of I.C. § 6–907:

A claim filed under the provisions of this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby.

There appears to be nothing in the record showing that the respondent was misled by the notice given it, which notice was relayed to its insurance carrier, which in turn investigated the matter and made offer of settlement. *Cf. Smith v. City of Preston,* 99 Idaho 618, 586 P.2d 1062 (1978).

We therefore conclude that the district court erred in granting defendant's motion for summary judgment. Reversed and remanded. Costs to appellant.