455 P.2d 679

**Clem R. YANCEY, Claimant-Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT,**
*Defendant-Respondent.*

No. 10344.

Supreme Court of Idaho.

June 5, 1969.

McClenahan & Greenfield, Boise, John R. Tadlock, Denver, Colo., for claimant-appellant.

Robert C. Youngstrom, Boise, for defendant-respondent.

DONALDSON, Justice.

Claimant (appellant) Clem R. Yancey was employed by Idaho Nuclear Corporation from May 15, 1967 until January 30, 1968, when he was laid off. The job apparently was of a permanent rather than seasonal nature. Claimant was a member of the Oil, Chemical and Atomic Workers Union, which had a collective bargaining agreement with Idaho Nuclear. Under the agreement claimant and other members of the union who were laid off had a right to be rehired in preference to other job applicants, should Idaho Nuclear decide to rehire personnel during the one year period following the layoff.

January 31, 1968 claimant applied for unemployment benefits under the employment security law. After applying for benefits, claimant was referred to American Potato Company, Rockford Equipment Company and Kraft Foods, for job interviews. He was not eligible for employment at American Potato because his wife was an employee there. At the Kraft and Rockford interviews he stated that he probably would return to his former employer if it offered to rehire him. Neither Rockford nor Kraft offered him a position.

The Department of Employment denied claimant unemployment benefits under I.C. § 72–1366(e) [1] because:

(1) he was making himself available only for temporary work;

(2) he was making himself available for work at a pay scale substantially higher than the prevailing wage in the community.

---

1. "72–1366. Personal eligibility conditions.—The personal eligibility conditions of a benefit claimant are that—

＊　　＊　　＊　　＊　　＊

(e) During the whole of any week with respect to which he claims benefits or credit to his waiting period he was able to work, available for suitable work, and seeking work; Provided, that no claimant shall be considered ineligible in any week of unemployment for failure to comply with the provisions of this subsection if such failure is due to an illness or disability which occurs after he has filed a claim and registered for work and no suitable work has been available for him after the beginning of such illness or disability."

On redetermination, the Department ruled that the wage he desired was reasonable, but that he was restricting his availability improperly by holding himself out only for temporary work. On this basis, benefits again were denied.

Claimant thereafter requested and was granted a hearing before the appeals examiner. The redetermination was affirmed.

An appeal was taken to the Industrial Accident Board. After a hearing, the decision of the appeals examiner was affirmed, from which decision claimant now appeals to this court.

■ The only issue on appeal is whether claimant made himself sufficiently available for suitable work to be eligible for unemployment benefits.

■■ In the Idaho case of Eytchison v. Employment Security Agency, 77 Idaho 448, 249 P.2d 593 (1956), Lester Eytchison claimed unemployment benefits for a period from December 13, 1953 until March 29, 1954. He had been employed prior to that period as logging superintendent for Eytchison Lumber Co. He was laid-off on December 12 due to the seasonal shutdown of the company. Since he was both a stockholder and unpaid president of the company, there was no doubt that he would be offered and would accept re-employment with the company as logging superintendent when it resumed operations the following spring. The Employment Security Agency argued, inter alia, that Eytchison was not entitled to unemployment benefits for the reason that he was not available for suitable work under I.C. § 72–1366(e), inasmuch as his availability for employment would last only so long as the company's logging operation was shut down. Conceding the fact that Eytchison was only temporarily available for suitable work, nevertheless the court ruled that he could recover unemployment benefits. It laid particular stress on the fact that I.C. § 72–1366(e) required that a claimant be available for suitable work only "During the whole of any week with respect to which he claims bene-

fits * * *." This court has recognized that seasonal employees are as equally entitled to the benefits and protection of the employment security law as employees in permanent positions. Claim of Sapp, 75 Idaho 65, 266 P.2d 1027 (1954); Eytchison v. Employment Security Agency, *supra*. The "Personal eligibility conditions" section, I.C. § 72–1366 does not differentiate between permanent and seasonal employees. It cannot be contended that seasonal employees are "more equal" than permanent employees. Therefore if an unemployed seasonal worker can obtain unemployment benefits, though only temporarily available for employment, it follows that an unemployed permanent worker has a similar right to such benefits.

In reviewing this appeal we are not unmindful of respondent's citations of authority from other jurisdictions to the effect that a claimant who makes himself available only for temporary work pending anticipated return to former employment is not considered to be available for suitable work within the meaning of Employment Security Codes. Neely v. Industrial Commission of Missouri, Division of Employment Security, 379 S.W.2d 201 (Mo.Ct. App. 1964); Rex v. Unemployment Compensation Board of Review, 183 Pa.Super. 442, 132 A.2d 363 (Super.Ct. 1957); cf. Lowell v. Maine Employment Security Commission, 159 Me. 177, 190 A.2d 271 (1963); Barley v. Maryland Department of Employment Security, 242 Md. 102, 218 A.2d 24 (1966). But cf. Lowell v. Maine Employment Security Commission, *supra* (dissenting opinion of Webber, J.). However to adopt their holdings would force us either to overrule *Eytchison* or place an unreasonably strained construction on its operation. We see no compelling reason so to act.

Reversed and remanded for further proceedings in conformance with the views expressed herein. Costs to appellant.

McFADDEN, C. J., McQUADE and SPEAR, JJ., and SMITH, D. J., concur.