

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 13, 1975

The Honorable Henry Rothell
Administrator
Texas Employment Commission
Austin, Texas 78778

Opinion No. H- 605

Re: Whether teachers and
other school employees will
be eligible for Special Unem-
ployment Assistance under
the Emergency Jobs and
Unemployment Assistance
Act of 1974 during the period
between school terms.

Dear Mr. Rothell:

You have requested our opinion concerning whether public school employees will be eligible during the summer for benefits under the Special Unemployment Assistance Program. Public Law 93-567; 13 U.S. Code Cong. and Ad. News 1974, p. 6827.

The Special Unemployment Assistance Program (hereinafter referred to as the SUAP) was approved on December 31, 1974. Its purpose was to provide special assistance for unemployed workers "who are not otherwise eligible for unemployment allowances under any other law." Sec. 201. While the program is exclusively federally funded, benefits are available only to those persons who are "totally or partially unemployed" under state law and who are not otherwise disqualified. Sec. 203(2). See art. 5221b-3(c), V. T. C. S., which requires an applicant to apply for available suitable work when so directed by the Commission.

It is our understanding that some 17 to 18 states have determined teachers to be eligible. 121 Cong. Rec. 2751 (daily ed. April 15, 1975). However, the United States Congress is presently considering a bill which would deny SUAP benefits to teachers (H. R. 5899). If such a provision is enacted, it will of course control the question. And see H. B. 1126, now pending in the Legislature.

Article 5221b-17(g)(5)(F), V. T. C. S., excepts state employees and those of political subdivisions from the coverage of the state's unemployment compensation system. While the state's employees are now within the system

p. 2683

pursuant to article 5221b-22d, political subdivisions retain an option as to whether to participate in the system.  It is our understanding that none of such subdivisions presently participate.  In addition, we are aware of no other unemployment compensation system under which public school employees as a class are eligible to participate.  These employees are therefore within the class of workers eligible for SUAP benefits.  Sec. 201.

Thus, it must be determined whether public school employees are "unemployed" during the period between school years.  Our discussion is limited to those employees who are not working during the period.  Article 5221b-17 (1), V. T. C.S., provides:

> An individual shall be deemed 'totally unemployed'
> in any benefit period during which he performs no
> services and with respect to which no wages are
> payable to him.

It is clear that these public school employees are performing no services during this interim period.  See, Mikolaicziak v. Michigan Employment Security Commission, 198 N. W. 2d 442 (Mich. 1972); Yancey v. Department of Employment, 455 P. 2d 679 (Idaho 1969); Studley v. Board of Review of Department of Employment Security, 147 A. 2d 912 (R. I. 1959).  They will therefore be eligible for benefits if no wages are paid or payable to them with respect to this period.

At the discretion of the local school board, many teachers are paid their yearly salaries in 12 monthly payments.  Education Code, section 16. 301(c).  Others are paid in 10 monthly installments throughout the school term.  In our view our past decisions and the relevant case law indicate that any distinction which could be drawn between the two methods is without merit.

In Attorney General Opinion H-404 (1974) we held persons performing no services to be unemployed notwithstanding their receipt of a guaranteed annual wage.  We stated that:

> . . . these payments are made in recognition of
> services performed and are allocable to periods
> of actual employment.

Similarly, receipt of severance pay has been held not to constitute wages paid with respect to the period involved. Western Union Tel. Co. v. Texas Employment Commission, 243 S. W. 2d 217 (Tex. Civ. App. --El Paso 1951), dism'd. w. o. j., 243 S. W. 2d 154 (Tex. Sup. 1951). Attorney General Opinion WW-13 (1957) held that supplemental unemployment benefits were not paid with respect to the period during which no services were performed, and their receipt was consistent with the statutory definition of "unemployed."

In our opinion the payments some teachers receive during the summer months are made in recognition of prior services rendered and are not paid with respect to employment for the interim period. Such teachers are therefore "unemployed" under our state law. Those employees who receive no payments during this period are likewise "unemployed." Consequently, public school employees who are not performing services during the period between school years are eligible for SUAP benefits.

### SUMMARY

Public school employees who are not performing services during the period between school years are "unemployed" under state law and are eligible for Special Unemployment Assistance benefits unless otherwise disqualified.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee