568 P.2d 522

Helen S. REHART, Claimant-Respondent,

v.

DEPARTMENT OF EMPLOYMENT,
Defendant-Appellant.

No. 12460.

Supreme Court of Idaho.

Sept. 1, 1977.

R. LaVar Marsh, Deputy Atty. Gen., Boise, Donald L. Harris, Asst. Atty. Gen., Boise (on oral argument), Roger B. Madsen, Asst. Atty. Gen., Boise, for defendant-appellant.

Thomas A. Mitchell, Coeur d'Alene, for claimant-respondent.

BISTLINE, Justice.

Helen S. Rehart, the claimant and respondent in this case, has spent the last three winters working at Silverhorn ski area. Her husband manages the lodge and Ms. Rehart is employed as general office manager. On May 1, 1976, upon returning to Coeur d'Alene for the off-season, she applied for unemployment benefits and was declared eligible. On June 26, 1976, the local representative of the Department of Employment (DOE, the Department) told her of a possible job as secretary in charge of billings at a real estate sales office. Ms. Rehart asked if the job was permanent or temporary and was told that the company wanted permanent help only. She did not follow up on the lead. Consequently, on July 15, 1976, she was declared ineligible and her benefits were cut off. The decision was affirmed by the appeals examiner for the DOE, but was reversed on appeal before the Industrial Commission. The DOE appeals the decision of the Industrial Commission.

There is but one issue before us on appeal: Does the seasonal worker claimant's conduct in failing to apply for a permanent job which was referred to her by a DOE representative constitute a "failure without good cause to apply for available suitable work as directed by a representative of the director" and thus violate the first of the "personal eligibility conditions" stated in I.C. § 72–1366(f)?

The Department has no quarrel with the Idaho case law which establishes the rule that "seasonal employees are as equally entitled to the benefits and protection of the employment security laws as employees in permanent positions." *Yancey v. Department of Employment,* 93 Idaho 77, 78, 455 P.2d 679 (1969); *Eytchison v. Employment Security Agency,* 77 Idaho 448, 249 P.2d 593 (1956); *Claim of Sapp,* 75 Idaho 65, 266 P.2d 1027 (1954). Seasonal employees are not required to take permanent employment. If the referral here in question was to a permanent job which would prevent Ms. Rehart's return to her assured seasonal work, it was not "suitable" work and Ms. Rehart had the right to refuse it without jeopardizing her benefits.

The Department seeks, however, to characterize Ms. Rehart's failure to follow up on the referral as a lack of good faith effort at job-hunting, a self-imposed unavailability. According to the DOE, Ms. Rehart had the obligation to investigate the referral in order to see if it might lead to suitable off-season work. At oral argument, the Department admitted that it had not itself contacted the employer to see if other than permanent work was available, that its departmental representative had been unavailable to testify, that Ms. Rehart had not been told to follow up the lead further and that she had never been warned that a failure to follow up might jeopardize her benefits.

The Industrial Commission was not unmindful of the fact that the burden of proving eligibility is on the claimant and that the Department's main control over claimants who voluntarily detach themselves from the labor market is by way of its referral system. Nonetheless, in the present case, it held:

"A claimant who makes herself available only for temporary work pending an anticipated return to former or seasonal employment is eligible for unemployment insurance benefits. (Citing *Yancey.*) Since the claimant has definite employment prospects during the winter months, she need seek only temporary work during the summer to receive unemployment insurance benefits. She therefore had good cause to refuse to accept a referral to a permanent position."

Findings of the Industrial Commission will not be disturbed as to factual matters if they are supported by substantial competent evidence. *Totusek v. Department of Employment,* 96 Idaho 699, 535 P.2d 672 (1975). The record here amply supports the Commission's conclusion that Ms. Rehart had the right to confine her job hunt to temporary positions and that she had good cause not to follow up on the Department's referral once she ascertained that it was for a permanent position. We affirm. Respondent to have costs and attorney's fees in the amount stipulated to by the parties.

SHEPARD and BAKES, JJ., and SCOGGIN, D. J. (ret.) and DUNLAP, D. J. (ret.), concur.